IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT P. GUTIERREZ**,

    Plaintiff,

v.                                              Case No. **1:21-cv-00073 KWR/SCY**

**UNI TRANS, LLC** and
**OTABEK SAYDIEV**,

    Defendants.

### RESPONSE TO DEFENDANT UNI TRANS' MOTION FOR PROTECTIVE ORDER FOR THE DOCUMENTATION DEMANDED IN PLAINTIFF ROBERT GUTIERREZ' MARCH 29, 2021 SUBPOENA TO PENSKE TRUCK LEASING CO., L.P.

Plaintiff Robert P. Gutierrez ("Mr. Gutierrez"), by and through his counsel of record, WILL FERGUSON & ASSOCIATES (Corrine L. Holt), hereby responds to *Defendant Uni Trans' Motion for Protective Order for the Documentation Demanded in Plaintiff Robert Gutierrez' March 29, 2021 Subpoena to Penske Truck Leasing Co., L.P.* ("Motion") [Doc. 23]. In support, Mr. Gutierrez states:

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 7, 2021, Mr. Gutierrez filed his *Complaint for Personal Injuries and Money Damages* ("Complaint") [Doc. 5-1], which Defendant Uni Trans, LLC ("Defendant Uni Trans") removed to this Court on February 4, 2021 [Doc. 5]. The instant case stems from a March 28, 2020 automobile accident involving the Parties. Mr. Gutierrez alleges that Defendant Uni Trans' agent and/or employee, Defendant Otabek Saydiev, fell asleep while operating a semi-tractor trailer owned and maintained by Defendant Uni Trans causing a multi-vehicle collision injuring Mr. Gutierrez and killing his son, Curtis Gutierrez. In his Complaint, Mr. Gutierrez alleges Negligence and Negligence Per Se causes of action against each Defendant and seeking damages, specifically

including punitive damages, against each Defendant. *See* Complaint [Doc. 5-1], at ¶¶ 36, 58. Mr. Gutierrez discovered that Defendant Uni Trans had changed its legal name with the Ohio Secretary of State to "Unitrans, LLC" only eleven (11) days after the collision. *See* Unitrans Articles of Organization attached hereto as ***Exhibit A***. Additionally, prior to suit, Defendant Uni Trans provided information to Counsel for Mr. Gutierrez and counsel for other persons injured or killed in the collision, which included scant production of documents and a December 3, 2020 asset deposition of Jahongir Gaybullaev ("Gaybullaev"), one of the two (2) owners of Defendant Uni Trans, which caused Mr. Gutierrez to have grave concerns about the veracity of Uni Trans reported assets in the days and weeks immediately following the collision. Gaybullaev testified generally about Defendant Uni Trans' leasing and financing of numerous semi tractor-trailers from different entities. Specifically, Gaybullaev testified that the semi tractor-trailer at issue in the present case was one of five (5) trucks Defendant Uni Trans obtained financed from Fleetway Capital Corp ("Fleetway"), and that Defendant Uni Trans has one bank account, Chase Bank. *See* Deposition, 21:6-11; 27:17 - 28:12 attached hereto as ***Exhibit B***.

As such, Mr. Gutierrez issued eight (8) subpoenas to various entities identically requesting the production of "any and all complete applications including all documentation submitted by Uni Trans, LLC" … "to secure contracts and/or agreements with…" that subpoenaed entity. *See* Subpoenas to which no objection was raised attached hereto as ***Exhibit C.*** However, of those eight (8) subpoenas, Defendants have only sought protective orders for three (3) on the grounds that the information requested is "irrelevant." Defendant Uni Trans' Motion does not explain how information requested from Fleetway, JP Morgan Chase Bank, N.A. and Penske Truck Leasing Co., L.P is irrelevant, when the identical information requested from RTS Financial Service, Inc., Ryder Truck Rental, Inc., Santander Bank N.A., Star Leasing Company, LLC and Shamrock

Trading Corporation is not objectionable. Moreover, Counsel for Defendant Uni Trans made no good faith attempt to resolve this dispute prior to filing the Motion never mentioning it to Plaintiff's counsel or circulating a form of the Motion prior to filing. For these reasons and those discussed below, Defendant Uni Trans' Motion should be denied as the information Plaintiff seeks is relevant.

## ARGUMENT

The scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marrietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("the scope of discovery under the federal rules is broad"). The federal discovery rules reflect the courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As a result of this policy, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649–50 (D.N.M. 2007) (internal quotations marks omitted). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520 (internal quotation marks omitted).

It is well settled that evidence of a defendant's wealth is admissible at trial to set the amount of punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981); *Ramsey v. Culpepper*, 738 F.2d 1092, 1099 (10th Cir. 1984), citing *Ruiz v. So. Pac. Transp. Co.*, 97 N.M. 194 (Ct. App. 1981). See also, *Aragon v. General Electric Co.*, 89 N.M. 723, 726, 557 P.2d 572, 575 (Ct. App. 1976) (holding "the general rule is clear that evidence is admissible to consider defendant's wealth and pecuniary ability in fixing the amount of punitive damages"). Additionally, most federal courts permit pretrial discovery of a defendant's financial condition when a claim for punitive damages has been asserted, without requiring the plaintiff to first make a prima facie

showing of entitlement to such damages. See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) (collecting cases in support of discovery). See also *Pendroza v. Lomas Auto Mall, Inc., v. Independent Auto Dealers Svc. Corp., Ltd.*, 2008 WL 4821457, *2 (D.N.M. July 10, 2008) (unpublished) ("The Court follows the majority of state and federal courts and permits discovery of a defendant's net worth without requiring the plaintiff to establish a prima-facie case for punitive damages."). Allowing such discovery is favored for several reasons: it can facilitate settlement by allowing both parties to fairly assess the value of the case; the requirement that a plaintiff establish a prima facie entitlement to punitive damages applies to the admissibility of evidence, not its discoverability; and the privacy interests of defendants can be adequately addressed by a protective order. *Mid Continent Cabinetry*, at 152. Moreover, there is no blanket prohibition against discovery of the financial condition of a defendant for previous years. *Id*. at 149 (ordering defendants to produce financial statements for the five years prior to the litigation). This information is relevant to determine the accuracy of information regarding Defendants' current financial condition. This Court has wide discretion to determine the scope of discovery. *Nieto v. Kapoor*, 268 F.3d 1208, 1221 (10th Cir. 2001).

"Punitive damages may be awarded to punish the defendant, not to compensate for a loss by plaintiff, and as a warning to others." *Ruiz*, at 201, 638 P. 2d at 413 (internal citations omitted). "Recovery of punitive damages is permissible if the jury finds the wrongdoer's conduct to be willful, wanton, malicious, reckless, oppressive, grossly negligent or fraudulent or in bad faith; or when circumstances of aggravation are shown." *Id*. (internal citations omitted). "Any one of the reasons for assessing punitive damages [cited above] is sufficient" to sustain an award for punitive damages." *Id*.

When determining whether certain requested information is discoverable, "the test is whether the information sought is 'reasonably calculated to lead to the discovery of admissible evidence' in

support of plaintiff's claims for compensatory and punitive damages for the negligent acts alleged." *Id.* at 202. Further, a company's financial information is relevant when a claimant asserts a punitive damage claim but has not yet established that punitive damages are warranted at trial or otherwise. *Id.* In *Ruiz,* the plaintiff requested all information related to the wealth of the defendants, specifically, "dividends paid by, market values, and net assets of, defendants and of corporations wholly-owned or controlled by defendants." *Id*. Plaintiff had a claim for punitive damages and the wealth of the defendants was relevant to plaintiff's claim for punitive damages. *Id*. The defendants objected to providing any responsive answers and the trial court upheld defendants' objections. *Id*. The Court of Appeals reversed, holding that the requested information was relevant to plaintiff's claim for punitive damages, even though plaintiff had not yet shown he was entitled to punitive damages. *Id*.

In the present case, Defendant Uni Trans attempts to misdirect this Court by providing an overly detailed factual account of the collision before summarily concluding that, "the documents requested are completely irrelevant to the case as they appear improperly directed solely to the issue of Defendant Uni Trans' ability to pay any judgment that might be entered in this lawsuit" However, this proposition is intellectually disingenuous as Mr. Gutierrez' Complaint puts directly at issue punitive damages, which Defendant Uni Trans' Motion utterly fails to mention or bring to this Court's attention *Ruiz*' holding that pre-judgment discovery of a defendant company's financial information is discoverable. Like the Plaintiff in *Ruiz*, Mr. Gutierrez' subpoena to Penske Truck Leasing Co., L.P is relevant to his claim for punitive damages and he is entitled to discover information on Defendant Uni Trans' wealth such as dividends paid by, market values, and net assets of, defendants and of corporations wholly-owned or controlled by defendants. Furthermore, it is illogical that Mr. Gutierrez' subpoena for identical information directed to Penske Truck Leasing Co., L.P. is irrelevant, where Defendants did not consider Mr. Gutierrez' subpoena to

Ryder Truck Rental, Inc., a company providing similar services, at all objectionable. Defendant Uni Trans does not and cannot provide any facts or law that would warrant this Court granting its Motion for a protective order.

## CONCLUSION

Defendant's Motion for a Protective Order should be denied as the information Mr. Gutierrez seeks in his subpoena to Ryder Truck Rental, Inc. is highly relevant to his claims in the present action. Accordingly, Mr. Gutierrez respectfully requests this Court deny Defendant Uni Trans' Motion for a Protective Order.

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

By: */s/ Corinne L. Holt*
CORINNE L. HOLT
*Attorneys for Plaintiff*
1720 Louisiana Blvd. NE., Suite 100
Albuquerque, New Mexico 87110
Phone: (505) 243-5566
Fax: (505) 243-5699
corinne@fergusonlaw.com

I HEREBY CERTIFY on April 26, 2021, a true copy of the foregoing pleading was filed electronically through the [Odyssey File & Serve system / CM/ECF system], which caused a copy of same to be served by electronic means to counsel of record.

*/s/ Corinne L. Holt*
CORINNE L. HOLT