IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT P. GUTIERREZ,

      Plaintiff,

   v.                                                Civ. No. 21-73 KWR/SCY

UNI TRANS, LLC and
OTABEK SAYDIEV,

      Defendants.

## DISCOVERY ORDER

This case deals with a tragic car wreck in which a semitruck driver, Defendant Otabek Saydiev, apparently fell asleep at the wheel and plowed into a line of stopped vehicles on I-40. Although not among those killed, Plaintiff Robert Gutierrez was seriously injured in the wreck. Among other relief, he seeks punitive damages against Defendant Uni Trans, LLC ("Defendant"), which he claims employed Mr. Saydiev and permitted him to operate a commercial vehicle on a public highway, even knowing Mr. Saydiev was unfit to do so. In connection with his claim for punitive damages, Plaintiff seeks discovery related to Defendant's financial condition. Defendant objects. This dispute has led to the ten discovery motions presently before the Court. The Court concludes Plaintiff is entitled to discovery related to punitive damages but requires supplemental briefing related to subpoenas directed to non-parties that are located in another district.

With a few exceptions, the pending motions, responses, and replies are virtually carbon copies of one another. Each motion pertains to a subpoena Plaintiff served on a non-party. The specific motions and the specific relief they request are as follows:

- Doc. 21: Defendant's motion to quash a subpoena to Fleetway Capital Corp., located in Pennsylvania, for "Any and all complete applications including all documentation submitted by Uni Trans, L.L.C. …. to secure contracts and/or agreements."

- Doc. 22: Defendant's motion to quash a subpoena to JP Morgan Chase Bank, located in Florida, asking for "applications to secure contracts" as well as "all financial and/or monthly statements from any and all accounts" held by Defendant.

- Doc. 23: Defendant's motion to quash a subpoena to Penske Truck Leasing Co., located in New Mexico, asking for "applications to secure contracts."

- Doc. 28: Defendant's motion to quash a subpoena to AFS/IBEX, located in Texas, for its "complete file including all documentation regarding" Defendant.

- Doc. 41: Plaintiff's motion to enforce a subpoena to Ryder Truck Rental Inc., located in New Mexico, asking for "applications to secure contracts."

- Doc. 42: Plaintiff's motion to enforce a subpoena to Santander Bank, located in Massachusetts, asking for "applications to secure contracts."

- Doc. 43: Defendant's motion to quash a subpoena to Restored 121 Trust, located in Kansas, for its "complete file including all documentation substantiating its alleged lien" against Defendant.

- Doc. 44: Defendant's motion to quash a subpoena to Finite 220 Trust, located in Kansas, for its "complete file including all documentation substantiating its alleged lien" against Defendant.

- Doc. 45: Defendant's motion to quash a subpoena to Tacit 219 Trust, located in Kansas, for its "complete file including all documentation substantiating its alleged lien" against Defendant.

- Doc. 46: Defendant's motion to quash a subpoena to CT Corporation System, located in California, for its "complete file including . . . all documentation substantiating its alleged lien" against Defendant.

**DISCUSSION**

I.      **Out-Of-District Subpoenas**

Federal Rule of Civil Procedure 45 governs discovery from non-parties conducted by subpoena. Rule 45(a)(2) provides that subpoenas are issued by the court in which the action is pending. Accordingly, this Court is the proper issuing court for the subpoenas Plaintiff issued. Furthermore, Rule 45(b)(2) permits service of a subpoena anywhere within the United States. However, Rule 45 also provides that motions to quash or enforce a subpoena are heard in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection."); Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . ."); Fed. R. Civ. P. 45(d)(3)(B) ("To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena . . . ."). Rule 45(f) authorizes the enforcement court—the district where compliance is required—to transfer a motion to quash or enforce a subpoena back to the trial court that issued the subpoena in limited instances. Rule 45(g) then permits "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). The Court notes that eight of the ten pending motions concern subpoenas directed to businesses located more than 100 miles away from the "place of compliance." The subpoenas direct compliance in Albuquerque, NM to businesses located in Pennsylvania, Florida, Texas, Massachusetts, Kansas, and California. Doc.

3

21-1; Doc. 22-1; Doc. 28-1; Doc. 42 at 3; Doc. 43-1; Doc. 44-1; Doc. 45-1; Doc. 46-1. These states are indisputably more than a hundred miles away from the stated place of compliance.

The Court further notes that, because production of the documentary information sought through the subpoenas likely would not occur in person (despite the fact that the subpoenas say Albuquerque is the place of compliance on their face), the place of compliance is probably *not* Albuquerque. The companies may comply with the subpoena without traveling—the documents can be mailed or electronically transmitted—and so the 100-mile limitation likely does not apply. *Stewart v. Mitchell Transp.*, No. 01cv2546, 2002 WL 1558210, at *2-3 (D. Kan. July 11, 2002). Concluding otherwise—that the place of compliance is Albuquerque—would require the Court to deny the motions to enforce, and grant the motions to quash, for violation of the 100-mile rule.

Finding that the place of compliance is not Albuquerque, however, leads to a different problem. If Albuquerque is not the place of compliance, the place where the subpoenaed entity "resides or works" is likely the place of compliance. *See Adams v. Symetra Life Ins. Co.*, No. 19mc401, 2020 WL 489523, at *2 (D. Kan. Jan. 28, 2020) (collecting case law reaching various conclusions regarding which district is the "place of compliance"). In that case, the motions to quash and the motions to enforce should be filed in the district where compliance is required. Fed. R. Civ. P. 45(d)(2) & (3).

This conclusion makes sense as a practical matter, because if the Court were to grant Plaintiff's motion and then later issue an order to show cause why the subpoenaed entity should not be held in contempt for failure to comply with the subpoena to produce documents, the contempt hearing would take place in a district where the subpoenaed entity does not reside. The Court would then have to resolve questions of personal jurisdiction over the subpoenaed entity as a matter of due process. For all these reasons, requiring these enforcement motions and motions

to be quashed to be filed in the district where the subpoenaed entity is located (or to transfer them here only with the subpoenaed party's consent or in exceptional circumstances) is logical.

Nonetheless, the Court recognizes it is raising this issue sua sponte. Therefore, to give the parties an opportunity to address this jurisdictional issue, the Court denies the motions filed as Docs. 21, 22, 28, 42, 43, 44, 45, and 46 without prejudice to refiling within thirty days. Any refiled motion(s) must address whether this Court is in the proper district to rule on the motions. Any refiled motion(s) must also contain a meet-and-confer statement.[1] As part of the meet and confer, the parties shall attempt to agree on a briefing schedule that allows the issues to be presented in a single motion, response, and reply. Absent such an agreement, Plaintiff shall file a *single* motion to compel related to all outstanding subpoenas at issue and Defendant shall file a *single* motion to quash related to all outstanding subpoenas at issue. Any motion Plaintiff refiles must also include a proof of service for the subpoenas under Rule 45(b)(4). Failure to follow any of these instructions will result in summary denial of the motion(s).

## II. New Mexico Subpoenas

With respect to the two subpoenas directed to New Mexico companies, Docs. 23 & 41, the Court will proceed on the motions because this Court is both the issuing district and the district where compliance is required. Until or unless it receives an objection from the subpoenaed party, the Court will assume that electronic production of documents does not implicate the 100-mile limitation.

---

[1] Every certification required by Fed. R. Civ. P. 26(c) and 37 related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically. A motion that does not describe the steps counsel took to comply with these rules will be summarily denied.

To begin with, the Court defers ruling on Doc. 41, Plaintiff's Motion for Order to Show Cause directed to Ryder Truck Rental Inc. Plaintiff did not file any proof of service for this subpoena under Rule 45(b)(4). The Court will not entertain the question of enforcement of a subpoena without proof that it has been properly served. Plaintiff has fourteen days from the date of this order to file proof of service or an explanation as to why service has not been completed. Failure to do so will result in the motion being summarily denied.

That leaves Doc. 23, Defendant Uni Trans' Motion For Protective Order For The Documentation Demanded In Plaintiff Robert Gutierrez' March 29, 2021 Subpoena To Penske Truck Leasing Co., L.P. Defendant argues that "good cause exists to enter a protective order and inquiry into the applications to secure contracts and or agreements by Plaintiff should be forbidden because such information is irrelevant to the proceedings." Doc. 23 at 1. The subpoena requests:

> Any and all complete applications including all documentation submitted by Uni Trans, L.L.C., any of its subsidiaries, partners, employees, agents, or representatives including, but not limited to Mirrakhmat Muminov, Jahongir Gaybullaev, and Aye Aye Mar, to secure contracts and/or agreements with Penske Truck Leasing Co., L.P., or any of its subsidiaries, related companies, partners from March 1, 2015, through the present.

Doc. 23-1 at 1. Defendant argues that "the documents requested are completely irrelevant to the case as they appear improperly directed solely to the issue of Defendant Uni Trans' ability to pay any judgment that might be entered in this lawsuit" and have nothing to do with the accident itself. Doc. 23 at 4. "As such, the information is confidential, potentially proprietary and not discoverable." *Id.*

In response, Plaintiff argues that discovery into financial information of the company "is favored for several reasons: it can facilitate settlement by allowing both parties to fairly assess the value of the case; the requirement that a plaintiff establish a prima facie entitlement to

punitive damages applies to the admissibility of evidence, not its discoverability; and the privacy interests of defendants can be adequately addressed by a protective order." Doc. 26 at 4. Plaintiff argues that, under federal law and New Mexico law, financial information is discoverable upon the mere assertion of a claim for punitive damages; the plaintiff need not show a prima facie entitlement to punitive damages. *Id.* at 3-5.

In reply, Defendant does not address Plaintiff's arguments and case law that prima facie proof of punitive damages is not a prerequisite for discovery of financial information. Instead, Defendant argues that Plaintiff has not presented a prima facie entitlement to punitive damages as there is no evidence supporting an award of punitive damages. Doc. 31.

The Court denies Defendant's motion. Defendant's arguments regarding whether Plaintiff has proven a prima facie entitlement to punitive damages are nonresponsive to the issue at bar. Federal law "permits discovery of a defendant's net worth without requiring the plaintiff to establish a prima-facie case for punitive damages." *Pedroza v. Lomas Auto Mall, Inc.*, No.07cv591 JB/RHS, 2008 WL 4821457, at *2 (D.N.M. July 10, 2008). Plaintiff's burden is only to show that the request for punitive damages is "not spurious." *Id.*

Neither party addresses whether the request for punitive damages is "spurious." The Court notes that felony homicide charges stemming from the accident are pending against Mr. Saydiev. *State v. Saydiev*, Case No. D-1333-CR-2020-00120 (New Mexico Thirteenth Judicial Court). Mr. Saydiev was indicted for reckless driving, intentional criminal damage to property, and tampering with evidence. *Id.* The Court would be hard pressed to find that a claim for punitive damages is "spurious" when criminal charges are pending against the semitruck driver allegedly responsible for the accident.

Defendant also argues that there is no basis to hold the company liable for Mr. Saydiev's

7

actions because there is no evidence he was acting in a managerial capacity or that Defendant's management ratified his actions. Doc. 31 at 2. Defendant focuses on the fact that Mr. Saydiev was fired immediately after the accident. *Id.* What Defendant did after the accident, however, is less relevant to the issue of punitive damages than what Defendant did, or did not do, before the accident. Among other things, Plaintiff alleges Defendant hired Mr. Saydiev "having knowledge, or having reason to know that Defendant Saydiev lacked the fitness, ability, skills, training and/or knowledge to safely use service equipment and/or operate motorized vehicles for and on its behalf." Doc. 5-1 at 9, ¶ 50. Thus, Plaintiff alleges that his damages are the result of Defendant's knowing conduct. *Weidler v. Big J Enterprises, Inc.*, 1998-NMCA-021, ¶ 47, 124 N.M. 591, 604 ("An indifference to or reckless disregard for the health or safety of others is an aggravating factor for punitive damages. . . . Likewise, evidence of repeated engagement in prohibited conduct knowing or suspecting it is unlawful is relevant support for a substantial award.").[2] On the basis of the present briefing, the Court cannot find that the claim for punitive damages is "spurious." Defendant's Motion to Quash the Subpoena to Penske Truck Leasing is denied.

## CONCLUSION

IT IS ORDERED THAT:

1) The motions set forth in Docs. 21, 22, 28, 42, 43, 44, 45, and 46 are DENIED without prejudice to refiling within thirty days from the date of this Order.

2) The motion set forth in Doc. 23 is DENIED.

---

[2] Defendant cites a breach of contract case in support of its argument that gross negligence cannot form the basis for a punitive damages award. Doc. 33 at 2 (citing *Paiz v. State Farm Fire & Casualty Co.*, 1994-NMSC-099 (1994)). Because Plaintiff has alleged knowing conduct, the Court need not presently define the precise contours under which punitive damages are available in New Mexico for a less culpable mental state.

8

3) The ruling on the motion set forth in Doc. 41 is DEFERRED. Plaintiff has fourteen days from the date of this Order to file proof of service of the subpoena or an explanation as to why service has not been completed.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE