IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT P. GUTIERREZ,

        Plaintiff,

      v.                                                   Case No. 1:21-cv-00073-KWR-SCY

UNI TRANS, LLC, and,
OTABEK SAYDIEV,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to Amend Complaint **(Doc. 29).** Having reviewed the parties' papers and the applicable law, the Court finds that the motion is well taken in part, and therefore **GRANTED IN PART** and **DENIED IN PART.** Plaintiff seeks leave to amend his complaint to join additional parties. The Court will allow Plaintiff to amend to add the additional corporate defendants. However, the Court will deny Plaintiff's proposed amendment as to the individual corporate officers or shareholders.

**BACKGROUND**

This diversity case is a personal injury action resulting from a traffic collision. Plaintiff's vehicle was stopped in traffic on I-40 eastbound. A tractor-trailer allegedly driven by Defendant Otabek Saydiev crashed into the back of the Plaintiff's vehicle causing him severe, permanent injuries and killing his son. **Doc. 1-1**, ¶¶ 12-14. Defendant Saydiev allegedly fell asleep while driving the tractor-trailer and took no evasive action nor slowed his vehicle at all before colliding with the Plaintiff's vehicle. **Doc. 1-1** ¶ 12. At the time of the first complaint, the plaintiff believed

that the driver was under the sole employ of Defendant Uni Trans, L.L.C., a commercial motor carrier based out of the District of Ohio. **Doc. 1-1**, ¶ 2, 5. In his first Complaint, the Plaintiff advanced Negligence and Negligence *per se*. The original complaint was filed on January 7, 2021.

Plaintiff now seeks leave of court to amend his Complaint to include several other defendants including new corporations associated with Uni Trans, L.L.C. and some of its corporate officers or owners. **Doc. 29**; First Am. Compl. for Personal Injuries and Money Damages (**Doc. 29-1**), ¶¶ 2-4. In his proposed First Amended Complaint, the Plaintiff seeks to include the following new defendants:

1. Mirrakhmat Muminov – An individual. Part-owner of Uni Trans, L.L.C.
2. Jahongir Gaybullaev – An individual. Part-owner of Uni Trans, L.L.C.
3. Aye Aye Mar – An individual. Jahongir Gaybullaev's wife and owner of Unitrans, L.L.C.
4. Unitrans, L.L.C. – A new company created after the accident by Ms. Mar.
5. UNTJ Logistics, L.L.C. – A new company created after the accident by Mr. Muminov and Mr. Gaybullaev. Doc. 38-1 ¶ 2.
6. CEVA Logistics, U.S. – A Houston-based partner company of Uni Trans, L.L.C.
7. Shamrock Trading Corp. – A Kansas-based partner company of Uni Trans, L.L.C.

The Plaintiff alleges that the individuals shown above created both Unitrans, L.L.C. and UNTJ Logistics, L.L.C. as "sham corporations" to conceal their assets. **Doc. 38-1** ¶ 2. He seeks to include the individuals as Defendants on the grounds that they are working as "alter egos" of the several companies they own and have therefore disregarded any corporate protections they may have had. *See* **Doc. 38-1** ¶ 2. The Plaintiff seeks to add the other corporations (CEVA and Shamrock) for their previously unknown relationship with Uni Trans, L.L.C. that allegedly enabled the accident to occur. **Doc. 38-1.** ¶¶ 3-4.

Defendant Uni Trans, L.L.C., challenges the FAC only in regard to the addition the individual defendants. **Doc. 34 at 2**. There is no objection to including the proposed corporate defendants, Unitrans, L.L.C., UNTJ Logistics, CEVA, and Shamrock. *See* **Doc. 34**.

**LEGAL STANDARD**

Rule 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The most important factor in deciding a motion to amend the pleadings is "whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006); *cf. Bylin*, 568 F.3d at 1229 ("Rule 15 was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." (alteration, quotation marks, and citation omitted)). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quotation marks and citation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

**DISCUSSION**

Plaintiff seeks to add several individual defendants who allegedly own Defendant Uni Trans, LLC, and several corporate Defendants which Plaintiff alleges are alter egos of Uni Trans,

3

LLC. Plaintiff does not seek to add claims but alleges that these defendants are also liable for the alleged negligent actions in this case. Defendants object to the inclusion of the individual defendants but did not address whether the amendments should be allowed as to the corporate defendants. The Court will deny the amendment as to the proposed individual defendants but allow amendment as to the proposed corporate defendants.

### I.     There was no undue delay, dilatory motive, undue prejudice, or bad faith.

The Court finds that there was no undue delay, dilatory motive, undue prejudice, or bad faith. Initially, the motion to amend to add parties was timely and within the deadline set by the Court's scheduling order. *See* **Doc. 16 at 2.** Plaintiff sought to add parties after it discovered through discovery and investigation the complicated relationship between the parties. Plaintiff asserts that it did not know all the facts, as it was required to first sift through various financial records to figure out the relationship of the defendants. At the time the motion was filed, discovery was pending, dispositive motions had not been filed, and trial has not yet been scheduled. The Court finds there was no undue delay or dilatory motive.

The Court also finds there is no undue prejudice to the defendants. Courts typically find undue prejudice where the amendment would unfairly affect the defendants in terms of preparing their defense to the amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). Here, the addition of the parties will not cause the defendants undue prejudice in preparing for their case. Counts were not added and the claims against the additional defendants arise out of the same subject matter. At issue is whether these additional defendants are also liable for the alleged negligence.

Moreover, nothing in the record indicates that Plaintiff acted in bad faith.

### II.    Allowing amendment for individual shareholders or corporate officers would be futile.

4

The Court believes that amendment to add the individual corporate officers or shareholders as defendants would be futile because Plaintiff has failed to state a plausible claim against them. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A proposed amendment is futile if the complaint, as amended, would subject to dismissal." (quotation marks and citation omitted)). Plaintiff does not allege with sufficient facts how the individual corporate shareholders or officers would be liable for the actions of Defendant Uni Trans, LLC in this case.

Plaintiff believes that the individual corporate officers or shareholders may be transferring financial assets to avoid a possible judgment. However, Plaintiff does not bring a fraudulent transfer action, or allege facts to support specific badges of fraud under the fraudulent transfer act. *See* NMSA § 56-10-19(A) ("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.").

Moreover, Plaintiff has not alleged sufficient facts to pierce the corporate veil to render the individual corporate officers liable for the actions of Defendant Uni Trans, LLC. Generally, individuals cannot be held liable for a corporation's debts. *Morrissey v. Krystopowicz*, 2016-NMCA-011, 365 P.3d 20. However, this corporate veil may be pierced. *Id.* In New Mexico, three elements are required to "pierce the corporate veil." *Morrissey v. Krystopowicz*, 2016-NMCA-011, ⁋ 13, 365 P.3d 20. First, it must be proven that the company is not being used for valid purposes and goals but is under the domination and control for the purposes of a private party. *Id*. (quoting *Scott v. AZL Res., Inc.*, 1988–NMSC–028, ¶ 7, 107 N.M. 118, 753 P.2d 897). Second, there must be some "form of moral culpability attributable to the [shareholder], such as use of the subsidiary

5

to perpetrate a fraud." *Morrissey*, 2016-NMCA-011, ¶ 13 (internal citation omitted).  Third, the court must find that there is "some reasonable relationship between the injury suffered by the plaintiff and the actions of the defendant."  *Id.* (internal citation omitted). Plaintiff  must demonstrate some knowing or cooperative effort between the related parties that resulted in the injury to the Plaintiff, even if the individual's control did not directly cause such injury. *Id.*  Lastly, the burden of proof is on the party seeking to impose individual liability on a shareholder or demonstrate sufficient grounds to "pierce the corporate veil."

Here, Plaintiff has not alleged sufficient facts to plausibly pierce the corporate veil and hold the individual defendants liable for the actions of Defendant Uni Trans, LLC.  As to the second element, Plaintiff must show there is some form of moral culpability attributable to the owners, such as fraud.  Plaintiff does not allege fraud with specificity.  The mere formation of other corporations is not sufficient to plead a plausible claim of fraud.  As to the third element, Plaintiff has not alleged how the individual corporate officers or shareholders are liable for the actions of Defendant Uni Trans, LLC.  They have not plausibly alleged with specific factual allegations a reasonable relationship between the injury suffered by Plaintiff and the actions of the proposed individual defendants.

Plaintiff does not allege any other theory under which the individual shareholders or corporate officers may be held liable for the actions of Defendant Uni Trans, LLC.

Therefore, the Court concludes that amendment to add the proposed individual defendants would be futile.

### III. <u>Plaintiff's Motion to Amend include the proposed corporate defendants is granted</u>.

Plaintiff proposes to add several corporate defendants, which he asserts are alter egos of Defendant Uni Trans, LLC, including UNTJC Logistics, L.L.C and UniTrans, LLC. Plaintiff

alleges that shortly after the accident several individuals who own Uni Trans, LLC formed other companies to conceal assets.  Plaintiff alleges that Defendant CEVA Logistics and Defendant Uni Trans jointly agreed to the transport of the load which Defendant Sadyeiv was carrying at the time the accident occurred.  Defendants did not address the corporate defendants, and therefore does not appear to oppose the joining of the corporate defendants.

As noted above, the record does not reflect that Defendants would be unduly prejudiced by the addition of the corporate defendants.

Moreover, the Court will not do a *sua sponte* futility analysis without an objection to amendment by a defendant.  "[I]t is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Simple Prod. Corp. v. Chia-Ling Huang*, No. 219CV00317DBBDAO, 2021 WL 2210308, at *4 (D. Utah June 1, 2021), *citing See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 WL 4558413, 2018 U.S. Dist. LEXIS 162268 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 WL 1235414, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (employing this approach).

Therefore, the motion to amend is granted as to the corporate defendants.

## CONCLUSION

Defendants did not object to the proposed amendments adding the additional corporate defendants. Defendants have failed to show that they will be unduly prejudiced by allowing Plaintiff to join the corporate defendants, or that addition of the corporate Defendants would be

7

futile. Therefore, Plaintiff will be allowed to file an amended complaint joining the proposed corporate defendants. However, the Court denies Plaintiff's motion to amend the complaint to add the proposed individual defendants who are alleged shareholders or officers of Defendant Uni Trans, LLC.

    **IT IS SO ORDERED.**

                                                       **KEA W. RIGGS**
                                                       **UNITED STATES DISTRICT JUDGE**