IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, as Personal
Representative of the Estate of Robert P.
Gutierrez,

      Plaintiff,

      vs.                                         Civ. No. 21-73 KWR/SCY

UNI TRANS, LLC, and OTABEK
SAYDIEV,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court *sua sponte*. On May 7, 2021, the Court issued an Order to Show Cause to Plaintiff to provide an explanation why Defendant Otabek Saydiev was not served. Doc. 30.[1] On May 21, Plaintiff represented that he "has not been able to locate Defendant Otabek Saydiev." Doc. 36 at 1. Plaintiff retained a private investigator to search for Defendant Saydiev, but speculated that Defendant Saydiev may be residing in Uzbekistan. *Id.* The Court extended the service deadline through August 23, 2021. Doc. 37. That deadline expired without proof of service. The Court accordingly issued a second Order to Show Cause on August 31, 2021. Doc. 65. The Court ordered:

> IT IS THEREFORE ORDERED that, within fourteen days of the entry of this Order, the undersigned will recommend Defendant Saydiev be dismissed without prejudice unless Plaintiff either effects service or provides the Court with a plan for executing service and a timeline by which that plan will be executed.

*Id.* at 1-2.

---

[1] Since then, Bobby Gutierrez has been substituted as Plaintiff after the death of Robert Gutierrez. Doc. 73.

That 14-day deadline passed without a response from Plaintiff or a request for extension of time to respond. Because Plaintiff has neither served Defendant Saydiev nor offered a plan to effect service, I recommend that the Court dismiss Defendant Saydiev without prejudice.

Rule 41(b) permits a court to dismiss an action or any claim for failing to prosecute that action or claim. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[2]

Plaintiff is not pro se. Plaintiff has had nearly nine months to attempt to serve Defendant Saydiev or move the Court to employ alternative service options. Meanwhile, the case has progressed substantially in Defendant Saydiev's absence, with nearly six months of discovery and the resolution of many discovery motions. In both its May 7, 2021 and its August 31, 2021 orders to show cause the Court advised Plaintiff that Rule 4(m) contemplated dismissal of any unserved defendant. The Court advised Plaintiff in the May 7 Order that the undersigned would recommend dismissal unless Plaintiff effected service of Defendant Saydiev or provided good cause for effecting such service. Doc. 30. Given Plaintiff's representation that he had made efforts to locate and serve Defendant Saydiev (to include hiring a private investigator) and

---

[2] The statute of limitations has not run, and thus the dismissal without prejudice is not the equivalent of a dismissal with prejudice.

believed Defendant Saydiev might be residing in Uzbekistan, the Court quashed its order to show cause and extended Plaintiff's service deadline to August 23, 2021 (three months from the date of the Court's May 24, 2021 Order to Quash). Docs. 36, 37.

After the August 23, 2021 deadline passed, the Court on August 31, 2021 issued another Order to Show Cause. Doc. 65. Again, the Court advised Plaintiff that Rule 4(m) contemplates dismissal of unserved defendants. Doc. 65. As a result, the Court advised Plaintiff that the undersigned would recommend dismissal of Defendant Saydiev unless, within 14 days, "Plaintiff either effects service or provides the Court with a plan for executing service and a timeline by which that plan will be executed." Doc. 65. Plaintiff has provided no plan for executing service.

Given that Plaintiff has not served Defendant Saydiev in the more than 9 months that have passed since Plaintiff filed his complaint and that Plaintiff appears to have no plan to effect service, I recommend that the Court dismiss without prejudice Plaintiff's claim against Defendant Saydiev.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**