IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, as Personal
Representative of the Estate of Robert P.
Gutierrez,

      Plaintiff,

    v.                                                                                 Civ. No. 21-73 KWR/SCY

UNI TRANS, LLC and
OTABEK SAYDIEV,

      Defendants.

## ORDER DENYING MOTION TO QUASH
## AND ORDER FOR SUPPLEMENTAL BRIEFING

This case deals with a tragic car wreck in which a semitruck driver, Defendant Otabek Saydiev, apparently fell asleep at the wheel and plowed into a line of stopped vehicles on I-40. Robert Gutierrez was seriously injured in the wreck and subsequently passed away. Doc. 70. Bobby Gutierrez has been substituted as Plaintiff as personal representative of the estate of Robert Gutierrez. Doc. 73. Among other relief, Plaintiff seeks punitive damages against Defendant Uni Trans, LLC ("Defendant"), which he claims employed Mr. Saydiev and permitted him to operate a commercial vehicle on a public highway, even knowing Mr. Saydiev was unfit to do so. In connection with his claim for punitive damages, Plaintiff seeks discovery related to Defendant's financial condition. In a Discovery Order dated July 7, 2021, the Court concluded that Plaintiff is entitled to discovery related to punitive damages. Doc. 59.

In that same order, however, the Court noted that it likely did not have jurisdiction to enforce subpoenas issued out-of-district and so dismissed the various motions to enforce and motions to quash related to the out-of-district subpoenas. Doc. 59 at 4-5. Because the Court

raised the issue *sua sponte*, however, it granted the parties leave to refile these motions along with briefing on the jurisdictional issue. Doc. 59 at 4-5. Thereafter, Defendant filed in this district a motion to quash the various out-of-district subpoenas but did not assert or provide authority that the Court had jurisdiction to quash these subpoenas. Doc. 61. To the contrary, Defendant agreed with the Court's earlier conclusion that "the motions to quash and the motions to enforce should be filed in the district where compliance is required." Doc. 61 at 1 (quoting Doc. 59). Thus, to the extent Defendant seeks to quash the various out-of-district subpoenas, its motion to quash should be filed in those districts. Indeed, given Plaintiff's agreement to file his motions to compel in the appropriate districts, it appears that the enforcement of the subpoenas in question is already on course to be litigated in those districts. *See* Doc. 62 at 2. Given that both parties now agree that the District of New Mexico is not the appropriate venue to litigate compliance with out-of-district subpoenas, the Court denies "Defendant Uni Trans' Motion To Quash Plaintiff's Subpoena Identified As Doc Nos. 21, 22, 28, 42, 43, 44, 45 and 46" without prejudice to file motions to quash in the appropriate districts.

      This brings the Court to the remaining motion pending after the issuance of the July 7 Discovery Order: Plaintiff's Motion For Order To Show Cause directed to Ryder Truck Rental Inc. Doc. 41. This motion concerns a subpoenaed entity within the District of New Mexico but was not accompanied by proof of service of the subpoena. As a result, the Court ordered Plaintiff to file proof of service and deferred ruling on the motion. Doc. 59 at 9. Plaintiff filed a certificate of service on July 8, 2021. Doc. 60. The certificate of service states that the subpoena "was served upon Ryder Truck Rental, Inc., c/o Corporate Creations Network Inc., at 400 Pennsylvania Avenue #600, Roswell, New Mexico 88201, at 9:43 a.m. on June 5, 2021, via certified mail." *Id.* at 1. Plaintiff also attached the completed United States Postal Service

Certified Mail Return Receipt card. Doc. 60-1.

This card, however, does not contain a signature of a person who received the delivery. Instead, the signature box contains the notation "PQC-5" and the space for the printed name contains "COVID-19" and a date of June 5, 2021. *Id.* USPS has suspended signature requirements during the COVID-19 pandemic. *See* https://faq.usps.com/s/article/USPS-Coronavirus-Updates-for-Business-Customers#safety ("To reduce health risks, we also are temporarily modifying customer signature capture procedures. While maintaining a safe, appropriate distance, employees will request the customer's first initial and last name so that the employee can enter the information on electronic screen or hard copy items such as return receipts.").

Federal courts are divided on whether the "COVID-19" notation is sufficient proof of personal service. *Compare Cunningham v. Matrix Fin. Servs., LLC*, No. 20mc65, 2021 WL 1156851, at *4-5 (C.D. Cal. Feb. 4, 2021) (this procedure is insufficient to provide the court "assurance that the nonparty actually receives notice and has a meaningful opportunity to respond"), *with Macias v. Grange Ins. Co*., No. 20cv170, 2020 WL 4913215, at *2 (W.D. La. Aug. 20, 2020) (a certified mail return receipt with "ST 102 C19" written in the signature block was sufficient proof of service because the plaintiffs provided evidence that the code was used by USPS and submitted an explanation from the Postmaster that the mail piece was delivered to the desired recipient at his listed address).

This Court shares the concerns of the Central District of California that the potential of civil contempt sanctions against nonparties is "serious business." *Cunningham*, 2021 WL 1156851, at *4. To that end, the Court must have "assurance that the nonparty actually receives notice and has a meaningful opportunity to respond." *Id.* To begin with, the Court notes that it is

3

not settled in the Tenth Circuit whether certified mail suffices under Rule 45(b)(1), which states that service of a subpoena "requires delivering a copy to the named person." *See Souza v. Thurston*, 819 F. App'x 636, 639 (10th Cir. 2020) ("there is no binding precedent in the Tenth Circuit addressing whether Rule 45 requires hand-to-hand service"). District courts appear to be split on whether certified mail complies with Rule 45(b). *See Nelson v. State Farm Fire & Cas. Co.*, No. 19cv907, 2020 WL 7889074, at *1 (D.N.M. Sept. 9, 2020) (collecting cases). Further, the fact that Plaintiff has submitted no evidence other than the Return Receipt card stating "COVID-19" causes the Court additional concern.

The Court orders Plaintiff to either (1) effect personal service of the subpoena to Ryder Truck Rental with an accompanying affidavit from the process server within 14 days of the date of this Order; or (2) file a supplemental brief of no more than ten pages within 14 days of the date of this Order addressing whether certified mail complies with Rule 45(b) and whether the notation "COVID-19" provides sufficient assurance that Ryder Truck Rental received actual notice of the subpoena. Plaintiff may attach any relevant supporting evidence to the brief, which will not count against the page limit. If Plaintiff files a supplemental brief, Defendant may file an optional response of the same length within 14 days.

THEREFORE, IT IS ORDERED THAT:

1) The motion set forth in Doc. 61 is DENIED WITHOUT PREJUDICE to filing in the appropriate district(s).

5

2) The ruling on the motion set forth in Doc. 41 is DEFERRED pending supplemental information as outlined above. If Plaintiff elects not to file supplemental information, the motion will be denied.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE