IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as Wrongful
Death Personal Representative of the Estate of
ROBERT P. GUTIERREZ,

      Plaintiff,

vs.                                                                          Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff Bobby Gutierrez's Motion for Order to Show Cause. Doc. 87. In his motion, Plaintiff indicates that he served a subpoena for production of documents on non-party Ryder Truck Rental, Inc. on October 1, 2021. Doc. 87; *see also* Doc. 76 (affidavit of personal service on Ryder Truck Rental, Inc.). Ryder, however, has failed to respond to the subpoena (which was first served on them via certified mail on June 5, 2021, Doc. 60). Accordingly, Plaintiff requests that the Court issue an order requiring Ryder to show cause for its failure to comply with the subpoena and an order that this matter be set for hearing and that Ryder Truck Rental Inc., be compelled to comply with the served subpoena. Doc. 87 at 2. Neither Ryder nor any other party in this lawsuit filed a response in opposition to Plaintiff's motion, even though Plaintiff served his motion on Ryder via certified mail. Doc. 94.

Federal Rule of Civil Procedure 45 governs subpoenas and production of documents from non-parties. *See* Fed. R. Civ. P. 45, 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Under Rule 45, an attorney authorized to practice in the issuing court may issue and sign a subpoena to

produce designated documents or electronically stored information. Fed. R. Civ. P. 45(a)(3), (a)(1)(A)(iii). Such a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

In this case, Plaintiff served a subpoena on Ryder "requesting the production of 'any and all complete applications including all documentation submitted by Uni Trans, LLC' … 'to secure contracts and/or agreements with…' that subpoenaed entity." Doc. 41 at 2 (alterations in original).[1] Due to concerns about certified mail in general and during COVID-19 in particular, the Court ordered Plaintiff to re-serve the subpoena via personal service. Doc. 75. Plaintiff did so. Doc. 76.

Based on the record before the Court, it appears that Plaintiff properly issued and served a subpoena on Ryder to which Ryder has failed to respond. Accordingly, the Court grants Plaintiff's Motion for Order to Show Cause (Doc. 87) and will require Ryder Truck Rental Inc. to either produce the requested documents or show cause why it should not be held in contempt of court for failure to respond to the subpoena. *See Browder v. City of Albuquerque*, No. CIV 13-0599 RB/KBM, 2016 WL 3191245, at *2 (D.N.M. May 11, 2016) ("[C]ourts typically afford non-parties the opportunity to either comply with a subpoena or to provide an excuse for their noncompliance before entertaining the issue of contempt.").

---

[1] A copy of the subpoena is not in the Court record and so the Court takes this description from Plaintiff's motion.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

- By February 4, 2022, Plaintiff shall serve this Order on Ryder via personal service, and shall file on the docket a certificate of service. Plaintiff shall also file a copy of the subpoena with the Court by this date.

- By March 4, 2022, Ryder shall produce the requested documents and file a notice with the Court that it has done so, or show cause in writing why it should not be held in contempt for failure to respond to Plaintiff's subpoena.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**