IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, *as*
*Personal Representative of the Estate of*
*Robert P. Gutierrez*,

      Plaintiff,

      v.                                                                                 No. 1:21-cv-00073-KWR-SCY

UNI TRANS, LLC, UNITRANS, LLC, and
CEVA LOGISTICS U.S., Inc.,

      Defendants.

## ORDER DENYING MOTION TO AMEND

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to File Second Amended Complaint **(Doc. 125).** Plaintiff seeks leave to amend his complaint to add factual detail supporting a claim against Defendant Unitrans, LLC. The motion is opposed by Defendant Uni Trans, LLC. **Doc. 127.** Having reviewed the parties' papers and the applicable law, the Court finds that the motion is **NOT WELL TAKEN**, and therefore is **DENIED.**

Plaintiff previously received leave to file a First Amended Complaint to add Unitrans, LLC as a party in this matter.[1] *See* **Doc. 29** (motion for leave to file first amended complaint, filed on May 3, 2021); **Doc. 63** (order granting motion for leave to file first amended complaint). Plaintiff argued at the time that Defendant Unitrans, LLC was a sham corporation created to escape liability and hide assets. Plaintiff also asserted that Defendant Unitrans, LLC was an alter-ego of other Defendants. *See* **doc. 38 at 1-2**. Plaintiff asserted that Unitrans, LLC was formed 11 days after

---

[1] At the time, Robert Gutierrez was the Plaintiff. After he passed away, Bobby Gutierrez, as personal representative of Robert Gutierrez's estate, was substituted in as the Plaintiff.

the accident.  After the Court granted leave to amend, Plaintiff filed the first amended complaint adding Unitrans, LLC as a party.  **Doc. 80.**

Plaintiff now seeks, a year later, leave to file a second amended complaint.  Plaintiff filed his proposed second amended complaint, and appears to seek to add the following:

> Upon information and belief Defendant Unitrans, LLC is for-profit foreign limited liability company engaged in the commercial transport of goods conducting business nationwide, including the State of New Mexico. Defendant Unitrans was formed April 8, 2020, 11 days after the accident which is the subject of this complaint. Defendant Unitrans, LLC is an alter-ego of Defendant Uni Trans, L.L.C. which was formed for the sole purpose of hiding assets and property of Defendant Uni Trans, L.L.C. Hereinafter, Defendant Uni Trans, L.L.C. and Defendant Unitrans, L.L.C. will collectively be referred to as ("Defendant Uni Trans").

**Doc. 126 at 2.**

The proposed language appears to be identical to what Plaintiff already knew when he argued in support of filing a first amended complaint a year earlier.  *Compare* **Doc. 38 at 1-3** *with* **Doc. 126 at 2.**

As explained below, Plaintiff fails to satisfy both the Fed. R. Civ. P. 15(a) and 16(b)(4) standards as Plaintiff failed to show diligence or lack of undue delay.  Plaintiff knew or should have known the facts he now seeks to add to his second amended complaint.

Plaintiff does not appear to dispute that the relevant scheduling order deadline to amend pleadings has passed.  This is supported by the record, as the scheduling order set May 3, 2021 as the deadline to amend pleadings, and Plaintiff has not identified any order which extended that deadline.  *See* **Doc. 16** (scheduling order setting May 3, 2021 as deadline for Plaintiff to amend pleadings or add parties); **Doc. 81** (order extending certain deadlines, but not deadline to amend pleadings or add parties).

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule

15(a) standard." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018), *quoting Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990) ("Scheduling orders are not to be modified by the trial court except when authorized by local rule upon showing of good cause." (citing Fed. R. Civ. P. 16) ).

The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted).

Plaintiff does not dispute that the scheduling order deadline for amending pleadings has passed.  Because the scheduling order deadline for amending pleadings has passed, Plaintiff must also meet the requirements of Rule 16(b)(4).  Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d at 1240. The rule "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."). "The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend." *ACC Consultants, Inc. v. Logistics Health, Inc.*,

3

No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing Minter, 451 F.3d at 1205 (internal quotation omitted)). "However, denial of a motion to amend is appropriate if the movant does not provide an adequate explanation for the delay." *Id.*

Good cause obligates a moving party to "provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019–20 (10th Cir. 2018). "Courts will… find a delay to be undue when a movant lacks adequate explanation for the delay or when a movant knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Wilson v. Long, et al.,* No. 21-CV-03207-CMA-NRN, 2022 WL 2981834, at *3 (D. Colo. July 28, 2022), *citing Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006); *see also Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). Because Rule 16(b) requires diligence, if a party knows of "the underlying conduct but simply failed to raise [his] claims, ... the claims are barred." *Gorsuch*, 771 F.3d at 1240.

Defendant Uni Trans, LLC argues that there is no good cause for amending the scheduling order, because Plaintiff knew or should have known facts upon which the proposed amendment is based. **Doc. 127 at 3.** Defendant asserts that Plaintiff has not learned through discovery any new facts regarding Uni Trans, LLC or Unitrans, LLC.

The Court agrees, as Plaintiff has not explained what facts he learned since he filed his previous amended complaint. *See* **Doc. 29** (motion for leave to file first amended complaint, filed on May 3, 2021); **Doc. 125** (motion for leave to file second amended complaint filed on May 18, 2022). Plaintiff seeks to add allegations that Defendant Unitrans, LLC is an alter ego of Defendant

Uni Trans, LLC, and was formed 11 days after the accident to hide assets. **Doc. 126 at 2.** This is exactly the same argument Plaintiff made in support of the first motion to amend a year earlier. **Doc. 38 at 1-3.**

Therefore, Plaintiff has failed to show diligence or lack of undue delay, warranting denial of his motion to amend under both Fed. R. Civ. P. 15(a) and 16(b)(4).

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**