IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

v.   Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

On May 12, 2022, Plaintiff served his First Set of Interrogatories and Requests for Production to Defendant Uni Trans. Doc. 138 at 1. Defendant served its responses on June 28, 2022. *Id.*; Doc. 138-1. For the most part, the responses contain nothing of substance, but consist of a boilerplate promise to supplement at an unspecified time. *E.g.*, Doc. 138-1 at 1 ("Defendant will supplement this interrogatory in accordance with the Federal Rules of Civil Procedure and the local rules of this Court."); *id.* at 15 ("The documentation sought has been requested and will be produced to the extent it is available. Defendant will supplement this request in accordance with the Federal Rules of Civil Procedure and the local rules of this Court."). Such responses are insufficient. Therefore, the Court GRANTS Plaintiff's motion to compel.

After conferring with Defendant to request complete answers to the interrogatories and requests for production Plaintiff served, Plaintiff filed his Motion To Compel Discovery Answers And Responses From Defendant Uni Trans L.L.C. Doc. 138. In response, Defendant asserts that "Uni Trans has, to the best of its knowledge, responded fully to Plaintiff's written

discovery responses" and lists the document production it has engaged in to date. Doc. 144 at 1. Defendant represents that it supplemented its document production with an excel spreadsheet along with the filing of the response. *Id.* at 2. Defendant denies that its interrogatory responses are incomplete. *Id.* Defense counsel notes communication issues with his clients, for whom English is a second language, and states he has not been able to meet with his clients due to Covid-19. *Id.* Defendant concludes by stating that Defendant will locate additional information and supplement its responses at the time of the Rule 30(b)(6) deposition of Defendant's corporate representative. *Id.* at 3.

In reply, Plaintiff observes that the supplemental production in the response brief was only responsive to one request for production, and no interrogatory answers were supplemented. Doc. 151 at 2. Plaintiff also objects to delaying supplementation until the Rule 30(b)(6) deposition, arguing that would be sandbagging and leave Plaintiff's counsel unable to adequately prepare for the deposition. *Id.*

The Court agrees with Plaintiff. Defendant failed to answer the discovery requests within the meaning of Rule 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). Most of Defendant's interrogatory answers, and many of its responses to requests for production, contain almost no substantive responsive information. This case is in its later stages. Discovery has been ongoing for over 15 months.[1] It is insufficient to serve a set of responses that have almost no substantive information along with a promise to search for responsive information and supplement at some unspecified later date, and then have more than two more months pass without providing any information.

---

[1] The Court's scheduling conference was held on March 25, 2021. Doc. 17. Discovery was stayed between September 2, 2021 (Doc. 67) and November 4, 2021 (Doc. 81) and has been ongoing since then. Discovery is currently scheduled to end March 9, 2023. Doc. 150.

2

When responding to discovery, "Counsel has an obligation to assure that the client complies with discovery obligations and court orders and, thus, *careful inquiry by counsel* is mandated in order to determine the existence of discoverable documents and to assure their production." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015) (internal quotation marks and alterations omitted; emphasis in original). "Trial counsel must exercise some degree of oversight to ensure that a client's employees, including in-house counsel are acting competently, diligently and ethically in order to fulfill their responsibility to the Court with respect to discovery." *Id.* (internal quotation marks and alterations omitted). "By signing disclosures required under Rule 26(a), counsel certifies that "to the best of [his] knowledge, information, and belief formed after a reasonable inquiry," a disclosure "is complete and correct as of the time it is made." *Id.* (quoting Fed. R. Civ. P. 26(g)(1)(A); alterations in original); *see also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc*., 244 F.R.D. 614, 626 (D. Colo. 2007).

Defendant's brief in opposition to the motion to compel does not represent that a "reasonable inquiry" has been conducted, but instead promises that one will be conducted at some point. In neither Defendant's discovery answers nor its response brief is there any indication that a reasonable attempt was made to answer the discovery in a sufficient or timely manner. Although searches for information responsive to written discovery is often an ongoing process that can require an extension of the time the Federal Rules of Civil Procedure otherwise allow for production, Defendant did not request more time. Nor did Defendant indicate what efforts it has already undertaken to obtain responsive discovery, or what efforts it expects to undertake in the future. Defendant's explanation that it is waiting until the Rule 30(b)(6) deposition to provide the discovery requested is inadequate. A party is permitted to serve discovery in any sequence and is not required to wait on a particular deposition or other event to

obtain answers to written discovery. Fed. R. Civ. P. 26(d)(3). And if Defendant needed more time due to Covid-19, it should have requested an extension detailing the current Covid-19 numbers and any reasonable precautions which prevent Defendant's counsel from communicating with his client.

Plaintiff's motion to compel does not specify the interrogatories or requests for production to which Plaintiff moves to compel answers. Normally, the failure to specifically identify the interrogatories and requests for production at issue, and what responsive information is missing, would result in the Court summarily denying a motion to compel. Here, however, a cursory review of Defendant's responses to Plaintiff's written discovery demonstrates that, rather than providing any information at all, in numerous instances Defendant simply indicated that it would provide a supplement later. A "supplement," however, presumes that something was provided in the first instance, and it appears that, thus far Defendant has provided nothing in response to Plaintiff's interrogatories. Given that Defendant has not provided any discovery in response to most of Plaintiff's requests,[2] the lack of detail in Plaintiff's motion to compel is not fatal to his motion. Essentially, Plaintiff's overarching and legitimate complaint is that Defendant has simply refused to provide discovery responsive to Plaintiff's interrogatories and requests for production.

Given this refusal, there is also little to be gained by the Court addressing the interrogatories and requests for production one-by-one. Rather than specifying to which

---

[2] It appears that Defendant has produced some documents. Doc. 144 at 1-2. Plaintiff does not provide information to enable the Court to determine whether this document production is sufficient. The Court observes, however, that most of Defendant's responses to the requests for production state that responsive documents will be produced later. Doc. 138-1 at 15-29. For this reason, this Order applies to responses to both interrogatories and requests for production to the extent Defendant has yet to conduct a reasonable inquiry for responsive information.

interrogatories and requests for production Defendant must provide responses, the Court orders Defendant to serve amended responses to Plaintiff's Interrogatories and Requests for Production which do not rely on a promise to supplement. If, after a reasonable inquiry as described by *Sun River Energy*—in this case, one that includes full communication with counsel's clients, in person if necessary—no responsive information is obtained, Defendant may so state. The Court cautions Defendant, however, that the failure to timely provide responsive information could result in a variety of sanctions to include, in the most extreme case, entry of judgment against Defendant. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013). An assertion that Defendant intends to make a reasonable inquiry in the future will not suffice. The time for Defendant and Defendant's counsel to make reasonable inquiry has long passed.

Rule 37(a)(5)(A) mandates that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Rule 37 further instructs the court not to order expenses if "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Given this mandatory language, the Court orders Defendant to file a brief addressing any circumstances that would make an award of expenses unjust or any other reason the Court should not award Plaintiff attorney's fees. This brief is due within 7 days of this Order. Failure to timely

file this brief will result in the Court awarding attorney's fees against Defendant. Plaintiff may, but is not required to, file a response to Defendant's brief within seven days of its filing.

THEREFORE, the Court GRANTS Plaintiff's Motion To Compel Discovery Answers And Responses From Defendant Uni Trans L.L.C. Doc. 138. Defendant shall serve amended discovery answers pursuant to the instructions outlined above within **14 days** of the date of this Order. Within **7 days** of the date of this Order, Defendant shall file a brief addressing any reasons attorney's fees should not be granted under Rule 37.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE