IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

      v.                                                                            Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

**ORDER AWARDING ATTORNEY'S FEES**

This matter comes before the Court on the Court's Order Granting Plaintiff's Motion to Compel. Doc. 154. In that Order, the Court found that Defendant Uni Trans (hereinafter "Defendant") served responses to interrogatories and requests for production that were insufficient under Rule 37. The Court further noted that Rule 37(a)(5)(A) mandates that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But Rule 37 instructs the court not to order expenses if "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The Court granted both parties the opportunity to be heard on the issue of fee-shifting. Doc. 154 at 5-6. Defendant did not file a brief within the time ordered, or request an extension of time.

In contrast to the "inherent power" of federal courts to assess attorney's fees for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons," Rule 37's "absence of substantial justification" test is "a less stringent standard." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (2015)[1] (internal quotation marks omitted). "Since Rule 37(c)(1) by its terms does not require a showing of bad faith, courts have not read such a requirement into the rule." *Id.* (internal quotation marks omitted). The test for whether a position is "substantially justified" is characterized not as "justified to a high degree," but "justified to a degree that could satisfy a reasonable person." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Defendant did not take the opportunity to be heard on any circumstances that would mitigate against an award of fees. The Court finds that Defendant's responses to Plaintiff's interrogatories and requests for production were not justified to a degree that could satisfy a reasonable person. *Cf.* Doc. 154 at 2-5 (explaining why the responses were insufficient).

THEREFORE, the Court orders Defendant to pay to Plaintiff the reasonable expenses incurred in making the motion, including attorney's fees. Within **7 days** of the date of this Order, Plaintiff shall file an affidavit outlining the expenses he incurred in bringing the motion to compel, Doc. 138. Within **7 days** after Plaintiff files the affidavit, Defendant may file objections to the amount of fees Plaintiff requests.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] This portion of the *Sun River Energy* opinion discussed Rule 37(c), but the relevant language in that subsection is the same as Rule 37(a) in referring to substantial justification.