IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

      v.                                                                                      Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

**ORDER SETTING AMOUNT OF ATTORNEY'S FEES**

This matter comes before the Court on Plaintiff's Affidavit For Award Of Attorney's Fees, filed on September 13, 2022. Doc. 159. This filing comes after the Court granted Plaintiff's motion to compel (Doc. 138), and ordered Defendant Uni Trans, LLC (hereinafter "Defendant") to "serve amended responses to Plaintiff's Interrogatories and Requests for Production which do not rely on a promise to supplement" (Doc. 154 at 5). The Court provided Defendant an opportunity to be heard on whether costs should be awarded under Rule 37(a)(5)(A). Doc. 154 at 5. Defendant did not file anything within the time allowed. The Court therefore ordered "Defendant to pay to Plaintiff the reasonable expenses incurred in making the motion, including attorney's fees." Doc. 157 at 2. The Court instructed Plaintiff's counsel to file an affidavit outlining the expenses incurred. *Id.* at 5. The Court also permitted Defendant to file objections. *Id.* Defendant did not file any objections within the time allowed.

"To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). In this case,

Plaintiff bears the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id.* at 1510. Plaintiff must also provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. Additionally, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Plaintiff requests a total of $2,315.00 in attorneys' fees, at $250 an hour for attorney work, $85 an hour for paralegal work, and $75 an hour for law clerk work. Doc. 159. Although Defendant did not raise any objections, the burden is on the requesting party to provide sufficient evidence that the expenses claimed are reasonable.

First, the Court finds that 5.5 hours of attorney time and 1 hour of paralegal time is reasonable and related to the successful motion to compel. However, 11.4 hours of law clerk time is not reasonable. Plaintiff has included time entries for the law clerk to review the case background, read examples of Rule 37 good-faith letters, perform research on very standard discovery objections, and spend almost eight hours drafting a three-page good-faith letter. Doc. 159-3; *compare* Doc. 138-2 (good-faith letter raising basic objections). It is true that using a paralegal and a law clerk instead of attorney time for basic tasks is efficient and should be encouraged. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989). However, to the extent litigation serves as an educational forum, the shift of costs is not reasonable. *Heavener v. Meyers*, 158 F. Supp. 2d 1278, 1282 (E.D. Okla. 2001) (costs are not reasonable to the extent they reflect "use of this litigation as an 'educational forum'"). As a result, the Court will reduce the law clerk time by half, or 5.7 hours. At a rate of $75 per hour, the fee award is reduced by $427.50.

Second, even though Defendant does not challenge the requested hourly rates, the Court will independently consider whether the rates are reasonable. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (internal quotation marks omitted). The Court must review "evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* at 1224-25.

The Court's review of other cases in this district indicates that an hourly rate of $250 is appropriate for an attorney in the area with 11 years of experience. *See* Doc. 159 at 1 ¶ 4; *cf., e.g., Payne v. TriState Careflight*, 278 F. Supp. 3d 1276, 1298 (D.N.M. 2017) (awarding an hourly rate of $350 an hour to a litigator with over 30 years of experience); *Baity v. Brad Hall & Associates*, No. 18cv183 SCY/JHR, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding a rate of $300 an hour to a litigator with 16 years of experience); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1085 (D.N.M. 2018) (awarding a rate of $350 an hour to a litigator who demonstrated "unique" skills to the Albuquerque area despite only having 11 years of experience and remarking that such a rate is ordinarily reserved to lawyers with experience in the range of fifteen to twenty years); *Griego v. United States*, No. 16cv475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (awarding a rate of $350 an hour to a civil rights litigator with 17 years of experience); *Griego v. Douglas*, No. 17cv244 KBM/JHR, 2019 WL 3006993, at *2-3 (D.N.M. July 10, 2019) (awarding a rate of $310 an hour to an attorney with 22 years of experience and $250 an hour to an attorney with almost 10 years of experience). The paralegal and law clerk rates are significantly lower than the attorney billing

rate. The Court concludes that the requested attorney, paralegal, and law clerk hourly rates are reasonable.

Finally, the Court recognizes that Plaintiff filed a notice on the docket dated September 27, 2022, advising that "Defendant Uni Trans has not complied with the Court's Order Awarding Attorney's Fees [Doc. 157] and has failed to pay any of the costs identified in Plaintiff's Affidavit for Award of Attorney's Fees [Doc. 159]." *See* Notice of Non-Compliance, Doc. 163. As the Court had not yet approved Plaintiff's requested amount as reasonable nor set a date for payment, Defendant is not in violation of the Court's orders awarding attorney's fees.

The Notice also advises that Defendant has not served supplemental discovery responses as ordered by the Court in its Order Granting Plaintiff's Motion To Compel. Doc. 163. The notice is not a motion and does not set forth the legal or factual basis for any relief requested. To the extent Plaintiff seeks relief from the Court, Plaintiff must file a motion.

**IT IS THEREFORE ORDERED** that Defendant Uni Trans, LLC shall pay Plaintiff $1,887.50 in connection with the Court's Order Granting Plaintiff's Motion To Compel (Doc. 154) and the Court's Order Awarding Attorney's Fees (Doc. 157). Such payment shall be due no later than two weeks from the date of this Order. Failure to timely either make this payment or request an extension of time from the Court may subject Defendant to additional sanctions, up to and including default judgment.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

4