IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

v.                                                                                    Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER GRANTING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES AND FIRST REQUESTS FOR ADMISSIONS

This matter comes before the Court on Plaintiff's October 4, 2022 Motion To Compel Answers And Responses From Defendant Uni Trans L.L.C. To Plaintiff's Third Set Of Interrogatories And First Requests For Admissions. Doc. 164. Defendant Uni Trans L.L.C. (hereinafter "Defendant") filed a response in opposition on October 19, 2022. Doc. 170. Plaintiff filed a reply on November 2, 2022. Doc. 177.

Plaintiff moves to compel complete responses to Interrogatory No. 31 from Plaintiff's Third Set of Interrogatories and to Requests for Admission Nos. 1, 2 & 3. Doc. 164 ¶¶ 4-5. After the filing of this motion, Defendant supplemented its response to Interrogatory No. 31. Doc. 170 ¶ 1. The Court therefore denies the motion as it pertains to Interrogatory No. 31 as moot.

Plaintiff moves to compel responses to the following requests for admission:

REQUEST NO. 1: Admit Defendant has no documentation of any pre-trip inspection report for the trip in question.

>REQUEST NO. 2: Admit Defendant has no documentation of any pre-trip inspection reports for the three months prior to the subject accident for the subject tractor and/or trailer.
>
>REQUEST NO. 3: Admit Defendant does not maintain an accident register as required by 40 CRF§ 390.35 [sic].[1]

Doc. 164-1 at 2. Defendant's response to all three requests for admission was identical:

>After having made reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable Defendant to admit or deny this Request. Investigation and discovery are ongoing, and Defendant will amend or supplement this Response in accordance with the Federal Rules of Civil Procedure and the local rules of this Court.

*Id.*

Plaintiff explains that these requests for admission "directly correlate" to Requests for Production Nos. 22 and Request for Production No. 34. Doc 164 ¶ 5. These requests stated:

>REQUEST NO. 22: Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Incident for the tractor and trailer.
>
>REQUEST NO. 34: A copy of Defendant Uni Trans accident register maintained as required by 49 CFR § 390.35 [sic].

Doc. 164-3 at 2-3. Defendant's response to both requests for production was identical:

>None located at this time. Defendant will supplement this request in accordance with the Federal Rules of Civil Procedure and the local rules of this Court.

*Id.*

    A.    <u>Legal Standard</u>

"An answer to a request for admission . . . is not subject to a conventional motion to compel." *Ash Grove Cement v. Emps. Ins. of Wausau*, No. 05-2339, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007). "Rule 36(a) does authorize a motion to determine the sufficiency of the

---

[1] The Court assumes Plaintiff intended to refer to 49 C.F.R. § 390.15(b) ("Motor carriers must maintain an accident register for 3 years after the date of each accident.").

answers or objections." *Id.*; *see* Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."). "The Court will, therefore, treat the motion as one to determine the sufficiency of [Defendant]'s answers." *Ash Grove Cement*, 2007 WL 2333350, at *2.

> Federal Rule of Civil Procedure 36 provides:
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry' . . . ." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). "This requirement means that, if the [answering parties] are going to respond that they cannot truthfully admit or deny the request for admission, because they do not have sufficient information, they must state, consistent with rule 11, that they have made reasonable inquiry . . . ." *S.E.C. v. Goldstone*, 300 F.R.D. 505, 524 (D.N.M. 2014) (cleaned up); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ("Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." (block quotation formatting omitted)).

  B. <u>Discussion</u>

Plaintiff argues that Defendant needs to either produce the documents in question or admit it does not have them. Doc. 164 at 2. The Court is inclined to agree with this logic. *Cf.*

*Meyer v. Anderson*, No. 2:19cv640, 2021 WL 4754764, at *3 (D.S.C. Oct. 12, 2021) ("Defendants argue that these responses are 'nonsensical' and that plaintiff must either admit that she does not have documents that relate to the valuation of her Underlying Cases or produce the documents.").

In response, Defendant states: "The driver of the Uni Trans, LLC, truck involved in the accident, Otebek Saydiev, is from Uzbekistan and it is believed he returned to his home country shortly after the accident. . . . Defendant Uni Trans, LLC, was never able to obtain Otebek Saydiez input or cooperation in responding to the Plaintiff's written discovery requests." Doc. 170 at 1-2. This is an insufficient justification for stating that Defendant cannot admit or deny the request for admission that asks whether *Defendant* has any documentation. If the documents are in the possession, custody, or control of a former employee who fled the country and refuses to communicate with Defendant, then Defendant does not have the documents, and Defendant must admit as much.

> Defendant further states that:
>
> Because Uni Trans LLC's drivers are predominantly from Uzbekistan, Uni Trans, LLC, uses an independent contractor dispatcher that is from Uzbekistan and lives and works in Uzbekistan. It is believed that this dispatcher may have been the Uni Trans, LLC, representative notified of the accident. He may be able to provide documentation responsive to at least some of Plaintiff's written discovery requests. Counsel for Uni Trans, LLC, has contacted Uni Trans, LLC's dispatcher and has requested his assistance in supplementing responses to written discovery.

Doc. 170 ¶ 3. In other words, Defendant's response is that it currently does not have sufficient information to answer the request for admission, but is conducting an investigation that may enable it to do so. Plaintiff contends that Defendant has had sufficient time to conduct an investigation because the requests for production were served "nearly five months ago." Doc. 177 at 1; *see* Doc. 120 (certificate of service dated May 12, 2022 for Plaintiff's first set of interrogatories and requests for production to Defendant Uni Trans, L.L.C.). Because the issue of

4

whether Defendant has had sufficient time to investigate arose for the first time in Plaintiff's reply, this Court has insufficient information to adjudicate this issue. Therefore, the Court declines to decide at this time whether Defendant should be permitted additional time to confer with the dispatcher in Uzbekistan. Rather, the Court orders that Defendant has 30 days from the date of this order to either amend its responses to Requests for Admission Nos. 1-3, or to obtain additional time to do so (either by stipulation, or by seeking a court order if the request is opposed). In so ruling, the Court also necessarily determines that Defendant's responses, as they now stand, are insufficient.

THEREFORE, IT IS ORDERED THAT:

1. The Court denies the request to compel a response to Interrogatory No. 31 as MOOT;

2. The Court construes the remaining portion of the motion to compel as a request to determine the sufficiency of the responses to requests for admission under Rule 36(a)(6); and

3. The Court GRANTS the request and determines the responses to Requests for Admission 1-3 are insufficient. Within 30 days of the date of this order, Defendant shall serve amended responses to Requests for Admission Nos. 1-3, or seek additional time to do so.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE