# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, as
*Personal Representative of the Estate of*
*Robert P. Gutierrez*,

       Plaintiff,

       v.                                      No. 1:21-cv-00073-KWR-SCY

UNI TRANS, LLC, UNITRANS, LLC, and
CEVA LOGISTICS U.S., Inc.,

       Defendants.

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT

       **THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment as to Defendant Unitrans, LLC **(Doc. 147).** Having reviewed the parties' papers and the applicable law, the Court finds that the motion is **NOT WELL TAKEN**, and therefore is **DENIED WITHOUT PREJUDICE.**

       Plaintiff seeks default judgment, but has not yet moved for the Clerk to enter default. "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson,* 57 F.3d 1081 (10th Cir.1995) (unpublished table decision). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Id.* (quoting Fed.R.Civ.P. 55(a)). "Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.' " *Id.* (quoting Fed.R.Civ.P. 55(b)(2)).

The clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment. *See Garrett v. Seymour,* 217 Fed.Appx. 835, 838 (10th Cir.2007) (unpublished table decision) (rejecting the notion that a plaintiff was entitled to default judgment, on the grounds that "the clerk had not entered default under Rule 55(a), a *prerequisite* for the entry of a default judgment under Rule 55(b)(1)" (emphasis added)); *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1119 n. 4 (10th Cir.2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment); *see also City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114 (2d Cir.2011) ("Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."); *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (noting that after entry of default was set aside, default judgment could not be entered).

Here, it appears that Plaintiff has not yet requested that the Clerk enter default. Therefore, the Court **DENIES** the motion for default judgment **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**