IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

v.                                                                   Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

**ORDER DENYING MOTION TO AMEND CASE MANAGEMENT DEADLINES**

This matter comes before the Court on Plaintiff's Unopposed Motion To Amend The Deadlines In The Order To Amend Case Management Deadlines. Doc. 195. Plaintiff requests an extension of discovery of about three months, from March 9, 2023 through June 7, 2023, along with other related case-management deadlines.

The Court denies the motion. At the last status conference, held on August 17, the Court informed the parties that it would extend the then-current case management deadlines by 120 days, but that it did not anticipate extending dates beyond that, "given how old this case is and how long the parties have been conducting discovery." Doc. 148 at 2. The Court's first scheduling order was entered on March 25, 2021. Doc. 16. Save for a brief period in which discovery was stayed from September 2, 2021 to November 4, 2021, a discovery end date of March 9, 2023 will have allowed for nearly *two years* of discovery in this case. This is four times longer than the less than six months the parties indicated they would need to complete discovery. *See* Doc. 14 at 12 (March 8, 2021 proposed joint status report suggesting that all discovery

except for expert discovery should be completed by July 18, 2021 and expert discovery should be completed by September 1, 2021); Doc. 16 at 2 (March 25, 2021 scheduling order setting, after discussion with the parties and without objection, a termination date of September 17, 2021 for fact discovery and a November 1, 2021 termination date for expert discovery).

Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court" and one factor to consider is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Civil Justice Reform Act of 1990 shifted case management responsibilities to courts as a critical step in eliminating delay in civil cases and mandated courts to ensure that cases move efficiently, expeditiously and economically through the litigation process. 28 U.S.C. § 471 et seq. Plaintiff points to nothing complicated about the facts or law in this case that justifies an additional three months' extension on top of the two years already permitted by the Court.

Plaintiff does not explain what discovery is sought that cannot be obtained by exercising diligence before March 9, 2023. Plaintiff's motion states that the resolution of the pending Second Motion to Compel Answers and Responses from Defendant Uni Trans, L.L.C., Depositions, and for Sanctions, Doc. 181, "would be helpful in determining what discovery and the extent of such discovery in developing appropriate scheduling deadlines for this matter." Doc. 195 at 1. Plaintiff also states that "Defendant Uni Trans, L.L.C.'s delays to discovery have made movement in this matter extremely difficult." *Id.* The pendency of a motion to compel is not reason to extend discovery another three months, particularly when such motion was not filed until more than a year and a half after discovery began and when completion of briefing on

such motion was only recently accomplished.[1] And Defendant Uni Trans, L.L.C.'s alleged noncooperation in discovery could theoretically be grounds for relief under Rule 37, but Plaintiff does not explain how it is grounds for extending the deadline for all discovery. Plaintiff has had *ample* opportunity to serve discovery on Defendant Uni Trans and take depositions. If Defendant Uni Trans has not answered the discovery or has failed to cooperate in setting depositions, Plaintiff may seek relief specifically related to those matters. The Court is not inclined to extend all discovery and case management deadlines further than it already has.

      THEREFORE, IT IS ORDERED THAT Plaintiff's Unopposed Motion To Amend The Deadlines In The Order To Amend Case Management Deadlines, Doc. 195, is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] This motion, filed November 11, 2023, was fully briefed as of December 12, because the parties stipulated to an extension of time for Plaintiff to file a reply. Docs. 194, 196.