IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

      v.                                                          Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER DENYING MOTION TO EXTEND
## EXPERT DISCLOSURE DEADLINES

This matter comes before the Court on "Plaintiff's Unopposed Motion To Extend The Expert Disclosure Deadlines In The Order To Amend Case Management Deadlines [Doc. 150]" (Doc 199). Plaintiff requests an extension of the parties' expert disclosure deadlines. Currently, Plaintiff's expert disclosure deadline is January 9, 2023 and Defendants' expert disclosure deadline is February 7, 2023. Discovery terminates on March 9, 2023. Doc. 150.

Previously, the parties moved the Court to extend the discovery termination date to June 7, 2023. Doc. 195. On December 13, 2022, the Court denied the motion. Doc. 198. The Court noted that at the August 17, 2022 status conference, the Court had informed the parties that it would extend the then-current case management deadlines by 120 days, but that it did not anticipate extending dates beyond that, "given how old this case is and how long the parties have been conducting discovery." Doc. 148 at 2. The Court also noted that the current discovery end date of March 9, 2023 will have allowed for nearly *two years* of discovery in this case. Doc. 198

at 1.

On December 14, the parties filed the present motion to extend expert deadlines as follows: a deadline of March 10, 2023 for Plaintiff's expert, and a deadline of April 10, 2023 for Defendants' expert. Doc. 199. These deadlines fall outside the discovery termination date of March 9, 2023 that the Court advised the parties months ago that it was not inclined to extend and just recently did decline to extend. There is no explanation in this motion as to why Plaintiff, in proposing expert deadlines outside the discovery termination date, has essentially moved to reconsider the Court's December 13 Order.

Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The two-paragraph unopposed motion to extend the deadlines does not establish good cause. The motion argues: "As discussed in more detail in Plaintiff's Second Motion to Compel Answers and Responses from Defendant Uni Trans, L.L.C., Depositions, and for Sanctions [Doc. 181], there has been significant delays in depositions that are necessary for Plaintiff to properly disclose expert witnesses in this matter." Doc. 199 at 1. This contention is not further explained. That is, Plaintiff does not state what information it expects to obtain in the depositions that is necessary for disclosing an expert report in this matter. The Court is not inclined to search through the motion for sanctions—which was fully briefed only as of December 12—to make arguments on Plaintiff's behalf.

If sanctions are indeed appropriate for Defendants' conduct in refusing to cooperate in setting depositions, the Court will address that matter in connection with its ruling on the motion for sanctions. But Plaintiff does not explain the connection between such sanctions and Plaintiff's expert report. Plaintiff therefore has not yet shown good cause to amend the current scheduling order.

THEREFORE, IT IS ORDERED THAT Plaintiff's Unopposed Motion To Extend The Expert Disclosure Deadlines In The Order To Amend Case Management Deadlines [Doc. 150]" (Doc 199) is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE