IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

   v.                                                Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER COMPELLING DEPOSITIONS AND SETTING HEARING

This matter comes before the Court on Plaintiff's November 11, 2022 Second Motion To Compel Discovery Answers And Responses To Plaintiff's First Set Of Written Discovery From Defendant Uni Trans, L.L.C., Depositions, And For Sanctions. Doc. 181. Defendant Uni Trans L.L.C. (hereinafter "Defendant") filed a response in opposition on November 23, 2022. Doc. 191. Plaintiff filed a reply on December 12. Doc. 196.

In this motion, Plaintiff moves to: (1) compel complete responses to Plaintiff's first set of written discovery to Defendant; (2) compel depositions; and (3) for sanctions, including costs and/or default judgment. This Order grants Plaintiff's request to compel depositions and sets a hearing on the remaining issues.

   A.    <u>Depositions</u>

Plaintiff explains that he has attempted to schedule depositions of "key witnesses" since May 2022. Doc. 181 at 5. Plaintiff initially set depositions in June 2022 and cancelled them due to a lack of supplementation of written discovery. *Id.* Subsequently, Plaintiff determined to

proceed without the written discovery, and after receiving no response to a request for availability, Plaintiff set depositions for August 30, 2022. *Id.* at 5-6. Defendant's counsel responded that they would not show for the August 30 date, so Plaintiff reset the depositions for the end of September. *Id.* at 6. On September 22, 2022, counsel for Defendant emailed and notified that one of the deponents, Mirrakhmat Muminov, was out of the country. Plaintiff vacated those depositions and, after another lack of response from Defendant's counsel, reset the depositions to October 26-27. On October 7, 2022, Defendant advised that Mr. Muminov would not be available until late December. Plaintiff states that Defendant remains unresponsive as to dates of availability for Mr. Muminov. *Id*. Plaintiff states that the other parties are available for depositions on January 16-20, 2023; that counsel for Plaintiff has proposed these dates and requested availability; and yet again has received no response from Defendant. *Id.*

Defendant's response to this request is, in full: "Counsel for Defendant has consistently advised counsel for Plaintiff of the availability or unavailability of witnesses for deposition as soon as it was known." Doc. 191 at 7. This is a woefully insufficient response to a request for depositions that was first made in May 2022.

Plaintiff demonstrates that he has "confer[red] in good faith regarding scheduling of depositions." D.N.M.LR-Civ. 30.1. After conferring and receiving no response multiple times, or multiple last-minute cancellations, Plaintiff had the right to directly notice the deposition. *Id.* After a notice of deposition, the deponent's failure "to appear at the time and place designated may be regarded as a willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or contemptible conduct pursuant to Fed. R. Civ. P. 45(e)," unless the deponent moves for a protective order or the court orders otherwise. D.N.M.LR-Civ. 30.2. As an alternative to unilaterally noticing a deposition after receiving no (or unhelpful) responses to multiple good-faith attempts to confer, a

2

party may move the court to compel depositions. *Harvey v. THI of New Mexico at Albuquerque Care Ctr., LLC*, No. 12-CV-727 MCA/RHS, 2013 WL 12329870, at *3-4 (D.N.M. July 9, 2013).

Defendant offers no explanation and no excuse for its failure to make witnesses available for the past seven months. The Court finds that Plaintiff is entitled to an order compelling depositions, and further finds that at this stage of the case, Plaintiff is entitled to unilaterally set the depositions for January 16-20, 2023. Because Plaintiff's motion does not specify which witnesses Plaintiff seeks to depose on which of these days, however, the Court requires Plaintiff to formally notice the depositions and serve the notices pursuant to D.N.M.LR-Civ. 30.1 and Federal Rule of Civil Procedure 30(b). Plaintiff must serve these notices 14 days in advance of each scheduled deposition. *Id.*; Fed. R. Civ. P. 32(a)(5)(A).

If the designated witnesses fail to appear as specified in the notices, the Court warns Defendant that it may be subject to sanctions under Rule 37 or Rule 45, up to and including default judgment.

B.     Written Discovery

On August 26, the Court ordered Defendant to supplement its responses to Plaintiff's first set of written discovery. The Court found that Defendant's "responses contain nothing of substance, but consist of a boilerplate promise to supplement at an unspecified time." Doc. 154 at 1. The Court noted:

> This case is in its later stages. Discovery has been ongoing for over 15 months. It is insufficient to serve a set of responses that have almost no substantive information along with a promise to search for responsive information and supplement at some unspecified later date, and then have more than two more months pass without providing any information.

*Id.* at 2. "In neither Defendant's discovery answers nor its response brief is there any indication that a reasonable attempt was made to answer the discovery in a sufficient or timely manner." *Id.* at 3. The Court concluded:

3

> [T]he Court orders Defendant to serve amended responses to Plaintiff's Interrogatories and Requests for Production which do not rely on a promise to supplement. If, after a reasonable inquiry as described by *Sun River Energy*—in this case, one that includes full communication with counsel's clients, in person if necessary—no responsive information is obtained, Defendant may so state. The Court cautions Defendant, however, that the failure to timely provide responsive information could result in a variety of sanctions to include, in the most extreme case, entry of judgment against Defendant.

*Id.* at 5. The Court ordered that "Defendant shall serve amended discovery answers pursuant to the instructions outlined above within 14 days of the date of this Order," or September 9, 2023. *Id.* at 6.

In this Motion to Compel filed November 11, Plaintiff states that Defendant never supplemented its responses as ordered by the Court. Doc. 181 at 1. Defendant filed the response to the Motion to Compel on November 23, Doc. 191, and on the same day, served supplemental answers to Plaintiff's first set of discovery, Doc. 190. In reply, Plaintiff clarifies that the supplementation resolved concerns related to Interrogatory Nos. 1, 8, 9, 11, 12, 19, & 23 and Request for Production Nos. 23 & 46. Doc. 196 at 3. However, Plaintiff raises concerns with the supplemental answers, stating that many remain incomplete. *Id.* at 3-10. Plaintiff argues that the supplemental responses to Interrogatory Nos. 2, 3, 4, 5, 7, 14, 15, 28, and Request for Production Nos. 20, 24, 27, 30, 33, 36, & 44 remain incomplete. Plaintiff also argues that no supplementation was provided for Interrogatory Nos. 6, 18, 20, 22, 25 & 26, and Request for Production Nos. 13, 14, 27, 28, 29, 32, 35, 38, 39 & 41, and reiterates the request to compel complete answers. *Id.* at 7.

For the most part, Plaintiff's concerns are directed to the supplemental responses and, as a result, raise new issues that were not in the original motion. The Court cannot fault Plaintiff for raising new issues in reply when Defendant supplemented its responses only when it filed its response to the motion to compel. However, it is not possible for the Court to rule on these issues

4

given the current state of the record. No party provided the Court with the Defendant's supplemental responses, making it nearly impossible for the Court to rule on whether Defendant's answers are sufficient, or insufficient as Plaintiff claims in reply. Therefore, the Court sets a hearing on the motion to address whether Defendant's supplement remains insufficient. At least seven days prior to the hearing, Plaintiff should file a copy of Defendant's supplemental responses to Plaintiff's first set of discovery on the court docket.

Additionally, Plaintiff notes that any objections in Defendant's supplemental responses are untimely and therefore waived. Doc. 196 at 6, 9. The Court agrees. The objections that were not present in Defendant's first answers to discovery (Doc. 138-1, the only timely answers at issue) are waived. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). For example, Defendant's original responses included no objections to Interrogatory No. 15. Doc. 138-1 at 7. If, as Plaintiff indicates, Defendant's supplemental responses included new objections to Interrogatory No. 15, they are waived. Defendant is therefore advised that, at the hearing, the Court will not entertain any argument from Defendant that relies on these untimely objections. Defendant must answer the discovery requests in full as ordered by the Court on August 26, or face sanctions beyond those that may already be appropriate.

C.   Sanctions

Plaintiff requests the Court "enter an order granting Mr. Gutierrez his costs and fees in bringing this motion, ordering Defendant to produce key witnesses to appear at depositions, granting default judgment against Defendant, and for such further relief as the Court deems just and proper." Doc. 181 at 7. This is the extent of Plaintiff's argument on the subject, and insufficiently addresses the factors the Court is required to consider to award sanctions under Rule 37.

Rule 37 permits a court to sanction a party for failing to obey a court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). Permissible sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* R. 37(b)(2)(C).

The choice of sanctions for violating a court order lies within the district court's discretion. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

> The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery. Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 920-21 (cleaned up). Dismissal or default judgment "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal quotation marks

omitted). "Because dismissal with prejudice [or default judgment] defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks omitted).

At the hearing, Plaintiff's counsel should be prepared to address these factors and explain precisely what sanctions Plaintiff requests among the list in Rule 37(b)(2)(A).

D. <u>Hearing</u>

The Court sets this matter for a hearing on Wednesday, January 11, 2023 at 1:30 p.m. in the Chama Courtroom located at the Pete V. Domenici United States Courthouse, Fourth Floor, 333 Lomas Boulevard, N.W., Albuquerque, NM 87102. Counsel for Plaintiff and Defendant Uni Trans, LLC are required to attend. Defendant Ceva Logistics U.S., Inc. may attend but is not required to do so.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE