IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

v.                                                                                                                         Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER GRANTING MOTION TO AMEND

This matter comes before the Court on Plaintiff's February 23, 2023 Emergency Motion To Correct Name Of Party In Pleadings And Caption By Interlineation. Doc. 213. Plaintiff alleges that he made an error in one Defendant's name in the caption and requests that the Court permit him to change the name of the Defendant "CEVA Logistics U.S., Inc." to "CEVA Ground US, LP." *Id.* ¶ 2. Plaintiff argues that the motion is timely because Defendant CEVA Logistics U.S., Inc. has objected to, ignored, or vaguely answered discovery aimed to identify the correct defendant. *Id.* ¶ 5. Plaintiff states that "the carrier contract names Defendant CEVA Ground US, LP," *id.* ¶ 6, and notes that the statute of limitations runs on March 28, 2023, *id.* ¶ 7.

Defendant CEVA Logistics, U.S., Inc. ("Defendant") opposes the motion, arguing that Plaintiff requests a substantive change to the parties rather than a simple correction. Doc. 238. Defendant argues that the deadline to amend and join parties has expired, that Plaintiff has had "actual notice" of the correct name of the carrier based on discovery responses, and that Defendant would be prejudiced because it was relied on the status of the current parties in

issuing its discovery. *Id.* at 2.

In reply, Plaintiff argues that he has been diligent in attempting to ascertain the correct party for this litigation. Plaintiff states he did not receive "actual notice" of the carrier agreement naming CEVA Ground US, LP until he received discovery responses, served on December 30, 2022. Doc. 241 at 2. Plaintiff immediately emailed counsel asking for clarification on the correct entity to name, but the correspondence was ignored. *Id.* Plaintiff followed up with discovery requests on January 9, 2023, including an interrogatory seeking the proper name of the broker for the shipment. Doc. 208. On January 13, the corporate representative confirmed in a deposition that "CEVA Logistics U.S., Inc." was the broker for the shipment which is the subject of this litigation. Doc. 231 ¶ 4. But the interrogatory responses, served on February 8, were vague and confused the matter. Docs. 225 & 231-1. Shortly thereafter, on February 23, Plaintiff filed the present motion.

Finally, Plaintiff slightly alters the nature of his request: "Given Defendant's CEVA's Response and evasive behavior in identifying the proper entity, it makes more sense to simply add the additional CEVA entity by interlineation as opposed to replace the current CEVA entity as requested in the Motion." Doc. 241 at 3.

**I.      Legal Standard**

A plaintiff may amend his complaint once as a matter of course, after which the plaintiff must seek consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The motivation underlying this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182

(1962). The district court's decision is discretionary. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (court of appeals generally reviews "for abuse of discretion a district court's denial of leave to amend a complaint").

Because Plaintiff filed the motion to amend after the deadline for amendments set in the scheduling order, Plaintiff may only amend his complaint if he demonstrates good cause for filing the motion after the deadline. The standard for good cause in the Rule 16 context is whether "scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alterations omitted). This determination is left to a district court's discretion. *Id.* Courts have found that good cause does not exist in circumstances of unexplained delay or access to "new" discovery information months before a motion to amend is brought. *See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 990-91 (10th Cir. 2019); *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020-21 (10th Cir. 2018).

**II.  Discussion**

Defendant argues good cause to amend the scheduling order does not exist because Plaintiff knew of the proper party as named in the carrier agreement. Doc. 238 at 2. Conspicuously, Defendant does not discuss the timing of the production of this agreement. *Cf. id.* Plaintiff points out that this carrier agreement in fact should have been disclosed over a year ago, but was not. Defendant CEVA Logistics U.S., Inc. filed its Answer to First Amended Complaint for Personal Injuries, Wrongful Death, and Money Damages on December 23, 2021. Doc. 89. The federal rules provide that "A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined." Fed. R. Civ. P. 26(a)(1)(D). Although it is not clear from the docket when this defendant was served with Plaintiff's amended complaint, it is clear that initial disclosures were due at the latest January 24,

2022. But Plaintiff explains that it took Defendant CEVA Logistics U.S., Inc. a full year to serve initial disclosures, finally doing so on January 11, 2023. Doc. 211.[1] These disclosures included the carrier agreement. Doc. 241 at 2.

The Court further agrees with Plaintiff that Defendant's discovery answers were vague and did not provide a straight answer as to the proper defendant entity, i.e., the broker for the shipment in question. The corporate representative testified that:

> Q: Is Defendant CEVA Ground U.S., LP the one -- the entity that was actually working as the broker on this particular load?
>
> …
>
> A: I guess... No. It would be CEVA – CEVA Logistics U.S. Let me see. I guess, I'm a little lost in what you're getting at with that. From -- based on the Carrier Terms and Conditions, this is carrier CEVA Ground U.S. LP or any of its subsidiaries or affiliated entities here at the broker. In our department, we dispatch as CEVA Logistics.
>
> Q: So Defendant CEVA Logistics U.S., Inc. does have liability for the brokerage of the shipment, which is the subject of this lawsuit?
>
> . . .
>
> A: CEVA Logistics is subject to the terms and conditions of what we agreed with the carrier, so I don't know if that answered your question. But it's -- it's -- that's -- yeah.
>
> Q: So Defendant CEVA Logistics 13 U.S., Inc. was responsible for brokerage of the subject shipment?
>
> . . .
>
> A: We are the broker for this shipment.

Doc. 231-1 at 3-4.

---

[1] Plaintiff does not explain why he did not follow up earlier with Defendant about the missing initial disclosures, especially given the Court's admonishment in August of 2022 that it was not inclined to further extend discovery. Doc. 148 at 2. Ultimately, however, it is Defendant's responsibility under Rule 26(a) to serve the disclosures timely.

But Defendant's Interrogatory response did not straightforwardly agree:

INTERROGATORY NO. 10: If Defendant CEVA Logistics, U.S., Inc., claims that it is not the proper CEVA entity to be named in Plaintiff's First Amended Complaint for Personal Injuries, Wrongful Death, and Money Damages [Doc 80] (Nov. 3, 2021)("First Amended Complaint") or that it is not the entity that "agreed to the transport" of the subject load as alleged in Paragraph No. 4 of Plaintiff's First Amended Complaint, please list the correct entity name(s).

ANSWER: The Carrier Agreement, "Carrier Terms And Conditions" signed on March 27, 2018 wherein Uni Trans, LLC is Carrier, provides: "These CARRIER TERMS AND Case CONDITIONS and any agreed upon pricing documents apply to all transportation services (the "Services") provided by Carrier CEVA Ground US, LP, or any of its subsidiaries or affiliated entities (hereafter "Broker")."

Doc. 231-3 at 1-2.

The Court finds that Plaintiff was diligent in seeking answers that Defendant did not provide. Plaintiff moved diligently after receiving this information to attempt to resolve the issue informally, then to seek answers via formal discovery, and finally to file a motion with the Court upon receiving unclear or contradictory indications. The production of the carrier agreement was new information that Defendant did not provide to Plaintiff until a year after it should have been disclosed. Under these circumstances, the Court concludes that good cause exists to justify modifying the scheduling order so that Plaintiff can provide the correct name for Defendant. The Court further agrees that it is reasonable to simply add a party to the litigation, given that Defendant still has not clarified who is the entity that brokered the shipment and could be held liable for Plaintiff's injuries (if broker liability exists).

Defendant further objects that it will be prejudiced because it served discovery relying on the current status of the parties to the litigation. Doc. 238 at 2. This argument is not persuasive. Defendant does not state what it would have done differently or explain what additional discovery it would need if the amendment were allowed. In addition, as explained above, the prejudice is of Defendant's own making given the untimeliness of its initial disclosures.

Therefore, the Court GRANTS the motion. Plaintiff may file an amended complaint adding "CEVA Ground US, LP" as a party to this lawsuit. Plaintiff shall file this amended complaint separately on the docket within 12 days of the date of this Order.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE