IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

      Plaintiff,

v.                                               Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

      Defendants.

## ORDER DENYING MOTION TO COMPEL

This matter comes before the Court on Plaintiff's March 7, 2023 "Motion To Compel Answers And Responses From Defendant Uni Trans L.L.C. To Plaintiff's Second Set Of Requests For Production And Corresponding Privilege Log." Doc. 239. The discovery requests in question seek "[a]ll documents related to resolution of claims with [other persons injured in the car accident in question] including, but not limited to, all corresponding [sic] containing demands or offers to settle, and releases." Doc. 239-1 at 2. Plaintiff requests the Court overrule Defendant's assertion of privilege and order production of the requested documents. Because Defendant timely objected on relevance grounds, and Plaintiff provides the Court with no explanation of how the requested documents are relevant, the Court denies the motion to compel.

When serving its discovery responses, Defendant objected "on the grounds that 'all documents' and 'claims' is vague, overly broad, unduly burdensome, irrelevant, not properly limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence" and stated that "[t]his is especially true given that settlement discussions/negotiations

are not admissible." Doc. 239-2 at 1-2. In response to the motion to compel, Defendant reiterates its relevancy objection, stating that "it is unclear how information and documentation regarding the settlement of other claims is relevant to the present lawsuit." Doc. 246 at 1-2. Plaintiff did not address relevancy in his motion to compel, nor does Plaintiff discuss the issue in his reply. Doc. 251.

As Defendant points out, Federal Rule of Evidence 408 provides that evidence of furnishing, promising, or offering a valuable consideration in compromising or attempting to compromise a claim is not admissible to either prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contraindication. Doc. 246 at 2. Most courts agree that this is a rule of admissibility at trial, not a rule governing discovery relevance, and does not establish a discovery privilege. *See United States ex rel. Strauser v. Stephen L. Lafrance Holdings, Inc.*, No. 18cv673, 2019 WL 6012850, at *2 (N.D. Okla. Nov. 14, 2019). Nevertheless, "Rule 26(b)(1) gives the court wide discretion to evaluate discovery requests to determine whether the discovery is relevant to the claims and defenses. The court has the further responsibility to balance the possible relevance against such factors as the needs of the case and the importance of the requested discovery in resolving the issues." *Id.*

The Second Circuit has recognized that "[c]onfidentiality is an important feature of the mediation and other alternative dispute resolution processes. Promising participants confidentiality in these proceedings promotes the free flow of information that may result in the settlement of a dispute, and protecting the integrity of alternative dispute resolution generally." *In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2d Cir. 2011) (internal quotation marks and citations omitted). The Second Circuit concluded that a party seeking discovery of confidential settlement communications "must demonstrate (1) a special need for the confidential material, (2) resulting

unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." *Id.* at 58.

The parties do not cite a Tenth Circuit case discussing the standard for compelling production of confidential settlement materials. Other district courts in this circuit have recognized that the issue is not settled:

> Some courts have held that a party must meet a heightened standard to discover information contained in and related to settlement agreements in deference to Federal Rule of Evidence 408 and the public policy encouraging settlements. In cases decided by those courts, the heightened standard typically requires the party moving for discovery of settlement materials to make a "particularized showing" that the information is reasonably calculated to lead to the discovery of admissible evidence. On the other hand, a number of courts have refused to apply such a heightened standard, and instead apply only the Rule 26 standard that the party opposing the discovery request show that it is not relevant to a claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Other cases fall somewhere in between, ruling that the party seeking discovery of the settlement materials has the burden to show that the information is relevant or reasonably calculated to lead to the discovery of admissible evidence.

*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 686 (D. Kan. 2004) (footnotes omitted). Other courts have required the requesting party to "demonstrate[] how the negotiations, as compared to an actual settlement agreement, may be relevant to the ongoing litigation. Once an agreement is reached, the negotiations are deemed to have merged into the agreement. Moreover, allowing the production of documents setting out preliminary settlement discussions is more likely to have a chilling effect on settlement negotiations." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05cv2164, 2007 WL 1246216, at *5 (D. Kan. Apr. 27, 2007) (internal quotation marks and citation omitted).

The Court concludes that the party seeking confidential settlement information must demonstrate that this information is relevant. Because Plaintiff has not made even a minimal showing of relevance, the Court need not determine exactly how high to set the relevancy bar that Plaintiff must clear. Plaintiff does not address the issue of relevancy in his motion, or even

his reply brief, despite Defendant's explicit argument in its response brief that the withheld documents are not relevant. The Court notes that Plaintiff already knows much of the relevant information, because Plaintiff participated in many of the settlement negotiations and is aware of the settlement between Defendant and the other car accident victims. *See* Doc. 232 at 5-6 (describing the settlement agreements and stating the remaining insurance coverage available for Plaintiff's claim). Plaintiff does not offer any justification for the relevance of further settlement materials between Defendant and third parties.

THEREFORE, IT IS ORDERED THAT Plaintiff's Motion To Compel Answers And Responses From Defendant Uni Trans L.L.C. To Plaintiff's Second Set Of Requests For Production And Corresponding Privilege Log, Doc. 239, is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE