IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, *as*
*Personal Representative of the Estate of*
*Robert P. Gutierrez*,

      Plaintiff,

      v.                                            Case No. 1:21-cv-00073 KWR/SCY

UNI TRANS, LLC, UNITRANS, LLC, and
CEVA LOGISTICS U.S., Inc.,

      Defendants.

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment as to Defendant Unitrans, LLC (Doc. 244). Having reviewed the parties' papers and the applicable law, the Court finds that the motion is not well taken, and therefore is **DENIED**.

**BACKGROUND**

This diversity case is a wrongful death action resulting from a traffic collision. On November 3, 2021, Plaintiff filed his first amended complaint against Defendant Unitrans, LLC. Doc. 80. Plaintiff served the Summons and the First Amendment complaint to Unitrans, LLC pursuant to Fed. R. Civ. 4 on November 15, 2021 and on January 19, 2023. Doc. 119; Doc. 220. Unitrans, LLC has not filed an answer or other responsive pleading and has not entered an appearance in this action. On February 17, 2023, the Clerk entered the default of Unitrans, LLC. Plaintiff now seeks default judgment as to Unitrans, LLC. Doc. 230.

**DISCUSSION**

The separate entity, Defendant Uni Trans, LLC, argues that Plaintiff has failed to state a claim upon which relief may be granted against Unitrans, LCC. Doc. 253 at 1. Plaintiff argues that Unitrans, LLC is an alter ego of Uni Trans, LLC, and thus, the claims against Uni Trans LLC are equally applicable to Unitrans, LLC. Doc. 261 at 2. The Court finds that Plaintiff has failed to state a claim of relief against Unitrans, LLC. Therefore, the Court denies Plaintiff's Motion for Default Judgment.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk has entered default, and a plaintiff applies to a court for default judgment, a district court may enter a default judgment. Fed. R. Civ. P. 55(b).

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). This allows the Court "to determine that it has the power to enter the default judgment." *Id.*; *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (holding that a default judgment is not appropriate if the court does not have jurisdiction over the subject matter and the defendant).

A court must also decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-CV-02445-LTB-MJW, 2008 WL 793606, *1 (D. Colo. Mar. 22, 2008); *see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of

law.") (internal quotation marks and citation omitted). In deciding a motion for default judgment, a district court accepts as true all well-pled allegations in a complaint, except those related to proving damages. *See United States. v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished). The Court must determine whether the allegations contained in plaintiff's complaint are sufficient to state a claim for relief. To state a claim for relief, the complaint must contain sufficient factual matter, accepted as true, to show that the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* A pleading that offers mere legal conclusions, or a recitation of the elements of a cause of action, is insufficient. *Id.* "[T]he entry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

The Court denies Plaintiff's Motion for Default Judgment because Plaintiff has failed to state a claim of relief against Unitrans, LLC. Although Unitrans, LLC is in the caption, the complaint makes no allegations against Unitrans, LLC. At no point in the complaint is Unitrans, LLC discussed. Because there are no allegations made against Unitrans, LLC, Plaintiff has failed to state a claim of relief against Unitrans, LLC.

Plaintiff argues that Unitrans, LLC is an alter ego of Uni Trans, LLC. However, Plaintiff has failed to allege facts in their complaint to support the theory of alter ego. *Cf. Ace Oilfield Rentals, LLC v. W. Dakota Welding & Fabrication, LLC*, No. CIV-15-672-D, 2022 WL 110016, at *3 (W.D. Okla. Jan. 11, 2022) (discussing how plaintiff adequately pled piercing the corporate veil in their complaint to support a cause of action). Plaintiff submitted exhibits to support their argument that Unitrans, LLC is an alter ego of Uni Trans, LLC, but the Court is limited to the unchallenged facts in the complaint, and those unchallenged facts must be sufficient to establish

substantive liability. *Bixler*, 596 F.3d at 762. "If plaintiffs' claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6), then the court may deny default judgment." *Woods v. Ross*, No. 21-2011-DDC-TJJ, 2021 WL 3077236, at *8 (D. Kan. July 21, 2021), *aff'd,* No. 22-3046, 2023 WL 1794170 (10th Cir. Feb. 7, 2023); *see also Bixler*, 596 F.3d at 762 (affirming district court's denial of default judgment because "plaintiffs' claims were subject to dismissal under Rule 12(b)(6)"). As discussed, Plaintiff has failed to alleged facts and claims against Unitrans, LLC, and thus, Plaintiff has failed to state a claim of relief against Unitrans, LLC. Therefore, the Court denies the motion for default judgment.

**IT IS SO ORDERED.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE