IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

    Plaintiff,

    v.                                                                                                     Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

    Defendants.

## ORDER SETTING AMOUNT OF ATTORNEY'S FEES

This matter comes before the Court on Plaintiff's "Affidavit For Award Of Attorney's Fees In Connection With Plaintiff's Supplemental Motion For Sanctions (Doc. 227)," filed on September 13, 2022. Doc. 289. As background, in a Proposed Findings and Recommendation ("PFRD"), the undersigned recommended the Court grant Plaintiff's request for costs associated with bringing his February 13, 2023 Supplemental Motion For Sanctions Stemming From Its Motions To Compel Discovery Answers And Responses And Depositions From Defendant Uni Trans L.L.C. *See* Doc. 274 at 26-27. U.S. District Judge Kea Riggs adopted this recommendation and granted Plaintiff's request for costs associated with the sanctions motion. Doc. 282 at 19. The Court ordered: "Plaintiff must submit affidavits and evidence regarding the amount of attorney fees within 14 days of this order. Defendant has 14 days after Plaintiff's submission to object to the amount of the attorney fees." Doc. 282 at 20. Plaintiff timely filed the affidavit requesting $9,616.25. Doc. 289. Defendant did not file any objections within the time allowed.

    "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a

reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). In this case, Plaintiff bears the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id.* at 1510. Plaintiff must also provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. Additionally, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Plaintiff requests a total of $9,616.25 in attorneys' fees, at $250 an hour for attorney work and $85 an hour for paralegal work. Doc. 159. The Court outlined the complex procedural history of Defendant's non-compliance with Court orders in the PRFD, Doc. 274 at 2-16, and the Order Adopting the PFRD, Doc. 282 at 2-14. In light of the complexity of the issues, the Court finds that 37.7 hours of attorney time and 2.25 hour of paralegal time is efficient and reasonable. Further, the Court previously reviewed the hourly rates in the context of this case and found them reasonable. Doc. 165. For the same reasons, the Court continues to find them reasonable.

**IT IS THEREFORE ORDERED** that Defendant Uni Trans, LLC shall pay Plaintiff $9,616.25 in connection with the Court's order granting attorney's fees. Doc. 282 at 19. Such payment shall be due no later than two weeks from the date of this Order. Failure to timely either make this payment or request an extension of time from the Court may subject Defendant to additional contempt sanctions.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**