IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY GUTIERREZ, in his capacity as
Wrongful Death Personal Representative of the
Estate of ROBERT P. GUTIERREZ,

        Plaintiff,

v.                                                Civ. No. 21-73 KWR/SCY

UNI TRANS, L.L.C, UNITRANS, L.L.C.,
CEVA LOGISTICS U.S., INC., and
SHAMROCK TRADING CORPORATION,

        Defendants.

## ORDER CLARIFYING IN-PERSON APPEARANCE REQUIREMENT

This matter comes before the Court in advance of the November 17, 2025 settlement conference.

On June 11, 2025, the presiding judge in this case, District Judge Kea W. Riggs, vacated the trial date, and ordered "the parties to participate in a settlement conference, either before the magistrate judge or through a private mediator." Doc. 319 at 2. At a status conference on July 31, 2025, the parties advised me that they agreed to private mediation, but could not agree on whether the mediation would be held in-person or remotely. Doc. 321 (Clerk's minutes). I advised that I would hold a settlement conference if the parties did not agree to private mediation within one month. *Id.*

On August 18, Plaintiff filed a motion to compel in-person attendance at mediation. Doc. 323. Judge Riggs granted the motion, stating: "The Court orders Plaintiff and Uni Trans, LLC, or a representative with final settlement authority (who is not an attorney of record), to attend the settlement conference in-person." Doc. 324 at 2. I held another status conference on September 4, during which the parties stated they were working on finding a date with a mediator. I explained that I would set an in-person settlement conference in Albuquerque on November 17.

Doc. 325. If the parties were able to hold a settlement conference with a private mediator before then, they could request to vacate the November 17 settlement conference. *Id.* Subsequently, I entered an order setting a settlement conference which stated:

> [A] mandatory settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **Monday, November 17, 2025**, beginning at **9 a.m.**, at the Pete V. Domenici United States Courthouse in Albuquerque, New Mexico. The parties should meet in the Chama courtroom. In-person participation is mandatory for a full day of eight hours unless ordered otherwise by the Court.
>
> All parties must appear for the settlement conference. Corporate or governmental entities shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). *See* D.N.M.LR-Civ. 16.2(c). An excusal request for a required participant must be made in writing seven calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d).

Doc. 326 at 1 (emphasis in original).

The parties have provided no indication that they attended a private mediation and, as a result, the Court has not vacated its November 17, 2025 settlement conference. Counsel for Plaintiff Robert Gutierrez and Defendant Uni Trans, LLC have both advised that the two owners of Uni Trans, LLC, Jahongir Gaybullaev and Mirrakhmat Muminov, do not plan on attending the November 17 settlement conference. Instead, counsel for Defendant, Daniel J. O'Brien, will attend with settlement authority.

Outside of confidential settlement communications, Uni Trans, LLC has not identified the names of the corporate representatives who have full and final settlement authority. When it removed this case to federal court, it represented that "UNI Trans LLC has two members, Mirrakhmat Muminov and Jahongir Gaybullaev." Doc. 5 at 3 ¶ 13. The Court is otherwise aware that Jahongir Gaybullaev—who uses the name "John Beck" in his role with Uni Trans, Doc. 232 at 6 n.2—is the general manager of Uni Trans, LLC and sat for the Rule 30(b)(6) deposition as

2

Uni Trans, LLC's corporate representative. Doc. 232 at 2, 6 n.2; *see* Docs. 227-2 & 232-2 (experts of John Beck deposition transcripts).

      Judge Riggs's Order was clear that Defendant Uni Trans, LLC must appear in person for a settlement conference through a representative *other than counsel*. Doc. 324 at 2. Defendant has had five months and numerous opportunities to schedule a mediation or settlement conference for a date that worked for any of its representatives. Defendant has not requested to reschedule the November 17 settlement conference. And at this point, Defendant cannot timely comply with the requirement to make an excusal request in writing seven days prior to the settlement conference. *Cf.* Doc. 326 at 1.

      Therefore, the Court issues this order clarifying that Jahongir Gaybullaev must attend the settlement conference on November 17, 2025, in Albuquerque in person. If Uni Trans, LLC plans to satisfy the Court's orders by sending any other representative with final settlement authority (other than its counsel of record), it may so notify the Court before close of business (5 p.m. Mountain time) on Friday, November 14. Absent such notification or in-person appearance, the Court advises that it will consider entering sanctions against Uni Trans, LLC and/or initiating contempt proceedings against Jahongir Gaybullaev for failure to obey a Court order. *See ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1215-16 (10th Cir. 2011) ("[A] district court may properly exercise personal jurisdiction over a nonparty for purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order.").

      SO ORDERED.

                                                                   _____
                                                                    STEVEN C. YARBROUGH
                                                                    UNITED STATES MAGISTRATE JUDGE